UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDDIE GARCIA,

                        Plaintiff,

        -against-

LEWIS TREE SERVICE, INC. and
ROBERT GASTON,

                   Defendants.
-----------------------------------------------------------------X

**Case No.:**

**COMPLAINT**

The Plaintiff, EDDIE GARCIA (hereinafter "Plaintiff" or "Garcia"), by and through his attorneys, Shalom Law, PLLC, alleges and states as follows:

## PRELIMINARY STATEMENT & NATURE OF THE ACTION

1.     Plaintiff brings this action against LEWIS TREE SERVICE, INC. (hereinafter, "Lewis Tree"), Plaintiff's former employer, and ROBERT GASTON (hereinafter "Gaston"), individually (Lewis Tree and Gaston collectively hereinafter "Defendants").

2.     Plaintiff was discriminated against because of his disability, in violation of the Family and Medical Leave Act (hereinafter the "FMLA"), 29 U.S.C. §§ 2601, *et seq.*, the Americans with Disabilities Act (hereinafter the "ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the New York State Human Rights Law (hereinafter the "NYSHRL"), N.Y. Exec. Law § 296(1)(a).

3.     Additionally, Plaintiff was subjected to egregious retaliation by Defendants, up to and including being wrongfully terminated, for requesting time off from work to care for himself in light of his colon cancer diagnosis, a serious medical condition, which further violates the FMLA, the ADA, and the NYSHRL.

4.     In this action, Plaintiff is seeking (i) compensatory damages; (ii) punitive damages; (iii) statutory attorneys' fees; (iv) back pay; (v) front pay; (vi) liquidated damages; (vii)

emotional distress damages; and (viii) any other form of relief available by law or by equity, from Defendants for their discrimination and retaliation against the Plaintiff for exercising his statutory rights to take job-protected leave, for their failure to engage in an interactive dialogue to determine whether Plaintiff may be entitled to a reasonable accommodation, and for otherwise discriminating and retaliating against Plaintiff on account of his disability during his employment for availing himself of his rights.

## **PARTIES**

5.      Plaintiff is a citizen of the State of Pennsylvania, currently residing in Berks County.

6.      Plaintiff was an employee of Lewis Tree, as defined by the FMLA, ADA, and NYSHRL, as he was employed to work for the benefit of Defendant, collectively, at all relevant times for more than ten years, from 2009 to 2020.

7.      Defendant LEWIS TREE SERVICE, INC., is a domestic New York corporation with its corporate headquarters in Monroe County.

8.      Upon information and belief, Defendant maintains offices and does business under the name of "Lewis Tree" in, among other places, Monroe County within the State of New York.

9.      Accordingly, Defendant Lewis Tree is an employer as defined by the FMLA, ADA, and NYSHRL.

10.      At all times herein relevant, Gaston was employed by Lewis Tree as a manager or supervisor.

11.      At all times herein relevant, Gaston held a supervisory or managerial role over the Plaintiff.

**JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including, *inter alia*, the FMLA (29 U.S.C. § 2617) and the ADA (42 U.S.C. § 12101).

13.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under the NYSHRL pursuant to 28 U.S.C. § 1367(a).

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful employment practices were committed in the Western District of New York.

15.     On or about November 6, 2019, Plaintiff was diagnosed with cancer, which required him to take time off to take care of his health, as is within his statutory rights.

16.     Yet, Defendant took this opportunity to callously discriminate against Plaintiff based on his disability, and by further failing to inform him of his eligibility for unpaid leave under the FMLA; to add insult to injury, after denying him his rights under the FMLA, Defendants then wrongfully and unlawfully terminated Plaintiff when he sought to return to work after his medically-required leave in June of 2020.

17.     Plaintiff's notification of his serious medical condition and request for time off to take care of himself constituted protected activity.

18.     Accordingly, Plaintiff has timely filed a charge of disability discrimination and retaliation with the United States Equal Employment Opportunity Commission (hereinafter the "EEOC") on November 5, 2020.

19.     Plaintiff subsequently received a Notice of Right to Sue Letter on March 12, 2021.

20.     Plaintiff has otherwise fully complied with all prerequisites to jurisdiction in this Court under the ADA.

**FACTS**

21.     For more than ten (10) years, Plaintiff dedicated himself tirelessly to the performance while employed for the benefit of Lewis Tree.

22.     Throughout his tenure at Lewis Tree, Plaintiff received exemplary performance reviews and maintained a virtually unblemished record of employment, rendering him qualified for his position.

23.     Unfortunately, however, on or about November 6, 2019, Plaintiff was diagnosed with a deteriorating medical condition which required him to take time off to take care of his health.

24.     Specifically, Mr. Garcia was diagnosed with colon cancer, thus making him an individual with a qualified disability under the ADA, 29 C.F.R. § 1630.2(g)(1).

25.     Additionally, because Plaintiff's disability required him to undergo chemotherapy treatment, Plaintiff's ability to engage in major life activities such as walking, standing, or sitting for long periods of time were substantially limited, as is described under the ADA, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12102(2)(A) and 29 C.F.R. § 1630.2(i).

26.     Defendants were immediately put on notice of Plaintiff's disability because he called Defendant Lewis Tree's Human Resources ("HR") Department the day he received his diagnosis.

27.     Furthermore, Mr. Garcia thereafter repeatedly faxed documentation from his doctor to Lewis Tree after his doctor's visits on or about November 21, 2019 and December 26,

2019; as well as doctor's notes from each of his chemotherapy treatments beginning on January 21, 2020 and occurring once every other week until June 6, 2020.

28.     Additionally, when Mr. Garcia began chemotherapy on January 21, 2020, Mr. Garcia's physician wrote to Lewis Tree informing the company that Mr. Garcia should be finished with chemotherapy treatments and able to return to work "by the end of June 2020."

29.     Accordingly, after undergoing extensive chemotherapy treatments and self-quarantining until the end of June 2020, Plaintiff was indeed ultimately granted permission from his doctor to return to work for Lewis Tree on July 6, 2020.

30.     Unfortunately, however, when Mr. Garcia's brother, who also works for Lewis Tree, went to the company to turn in Plaintiff's return-to-work medical paperwork on the first day of June of 2020, Mr. Garcia's brother was informed that **Lewis Tree had already unilaterally and summarily terminated Mr. Garcia.**

31.     When Plaintiff learned of this news from his brother, he immediately called Lewis Tree to figure out when and why he had been terminated, believing there had been a misunderstanding.

32.     Plaintiff's phone call was answered by one of Lewis Tree's secretaries, Yanisha, who informed him that **he had been terminated *months* ago**, not long after he had given the company notice of his need for job-protected leave.

33.     Yanisha further stated that Lewis Tree had already sent Plaintiff a termination letter via certified mail.

34.     Bewildered, Mr. Garcia quickly informed Yanisha that he had never received any such letter, and he requested to know what address the letter had been sent to.

35.     In response, Yanisha revealed the address that Lewis Tree had mailed the letter to; but it was not Mr. Garcia's address – it was an address for a house on a different part of Plaintiff's street.

36.     Accordingly, Plaintiff then gave Yanisha the correct address, and requested she resend whatever letter Lewis Tree had purportedly sent to the incorrect address.

37.     Following his dictation of his correct address, however, Plaintiff noticed that the line had gone silent. Plaintiff asked if Yanisha was still there, but as he spoke, the call was disconnected.

38.     Of course, Mr. Garcia quickly called back, more than once, but each time, the line went unanswered.

39.      In fact, outrageously, since his discussion with Yanisha in or about June of 2020, **Mr. Garcia has not been able to get Lewis Tree to answer ANY of his calls**, instead leaving Mr. Garcia without both a job and an explanation for why.

40.     Under the law, Lewis Tree was required to inform Plaintiff of his rights and provide him with at least twelve (12) weeks of job-protected leave.

41.     Instead, however, Lewis Tree took this opportunity to callously discriminate against Mr. Garcia based on his well-documented disability, failing to inform him of his eligibility for unpaid leave under the FMLA and for job-protected leave afforded under the FFCRA.

42.     To add insult to injury, Lewis Tree failed to inform Mr. Garcia that he was terminated, or even identify *when* exactly it was that he was terminated by the company – Plaintiff was only informed by Yanisha that he had been terminated "while he was on leave."

43.     In this regard, Lewis Tree violated the law by terminating Plaintiff and subsequently informing his *brother* that he was terminated months later.

44.     Further, when Mr. Garcia sought to figure this out, Lewis Tree did absolutely nothing to rectify this injustice.

45.     As a result of Lewis Tree's blatant and willful violations of multiple New York City, State, and federal employment laws, including his protected rights of being notified of his eligibility for FMLA leave and leave under the FFCRA, Lewis Tree's actions have detrimentally affected Plaintiff's emotional state of mind and caused him financial harm as well.

46.     Despite his long tenure with Lewis Tree and his good faith efforts to keep Defendants informed about the status of his disability and the treatment he required, Plaintiff was unlawfully denied the dignity and respect he deserved for his years of loyal service.

47.     Instead, Defendants repeatedly subjected Plaintiff to adverse employment actions because of his disability, including discrimination, denial of reasonable accommodations, unlawful retaliation, and finally, wrongful termination, at the exact time when he most needed his legal right to job protection. Such actions are in direct violation of the FMLA, 29 U.S.C. § 2615(a)(1).

48.     As a result of the foregoing, Defendants' deliberate, willful, and unlawful employment practices to our client have caused him to suffer: (a) loss of salary, wages, and benefits; (b) severe emotional distress, pain and suffering; (c) other statutory damages and attorneys' fees; and (d) Plaintiff seeks any other form of relief available to him under the law or in equity.

49.     Accordingly, Plaintiff is entitled to recover the maximum amount of damages recoverable in this jurisdiction, as well as any such additional or alternative relief as the Court deems just and proper.

## COUNT ONE

### Interference in Violation of the FMLA, 29 U.S.C. § 2615(a)(1)

50.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

51.     Defendant is an employer covered by the FMLA pursuant to 29 U.S.C. §2601, *et seq.*, because it is a private business employing fifty or more employees for each working day for at least twenty workweeks in the year prior to Plaintiff's leave.

52.     Plaintiff is an FMLA-eligible employee because he was employed by Lewis Tree for more than a year prior to requesting FMLA leave and been employed by Lewis Tree for over 1,250 hours in the twelve (12) month period prior to his request.

53.     Plaintiff was entitled to FMLA leave because he suffered from a serious injury that required him to take time off from work.

54.     In accordance with the FMLA, on November 6, 2019, the day Plaintiff was diagnosed with colon cancer, Plaintiff informed Defendants of his diagnosis and his need for medical attention.

55.     Plaintiff was thus eligible for benefits under the FMLA.

56.     Defendant Lewis Tree engaged in prohibited conduct under the FMLA by interfering with, concealing, refusing, restraining, and/or denying Plaintiff's rights provided under the FMLA.

57.     Defendants denied Plaintiff a benefit to which he is entitled under the FMLA in that they refused to provide him with notice of his rights under the FMLA pursuant to 29 U.S.C. § 2615(a)(1).

8

58.     Further, Defendants discouraged and prevented Plaintiff from obtaining benefits by refusing to provide him with notice of his rights.

59.     Defendants' actions utterly foreclosed Plaintiff's rights under the FMLA, including but not limited to his right to be returned to his position after taking lawful FMLA leave.

60.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

61.     Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## **COUNT TWO**

### **Retaliation in Violation of the FMLA, 29 U.S.C. § 2615(a)(2)**

51.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

52.     Plaintiff exercised his FMLA rights by taking FMLA leave from his job from November 6, 2020 through whatever date Lewis Tree unlawfully terminated him "while he was on leave."

53.     Plaintiff was qualified for his position and had performed his job duties effectively prior to the acts complained of here.

54.     Plaintiff suffered an adverse employment action in that he was subjected to, among other things, wrongful termination.

55.     Defendants began disparate treatment of Plaintiff immediately after he sought leave, and their disparate treatment culminated in his termination when he sought extended leave for his disability.

56.     Defendants' decision to fire Plaintiff during his job-protected leave occurred immediately after he sought leave for his disability, making it clear that Defendants fired Plaintiff because he sought to utilize the job-protected leave to which he was rightfully entitled.

57.     Thus, Defendants' conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

58.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

59.     Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## COUNT THREE
### Failure to Provide a Reasonable Accommodation in Violation of the ADA
### 42 U.S.C. §§ 12181, *et seq*.

60.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

61.     On November 6, 2019, Plaintiff was diagnosed with colon cancer, making him a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could not perform the essential functions of his position without reasonable accommodation.

62.     On or about November 6, 2019, November 21, 2019, December 26, 2019, and again every other week from January 21, 2020 to June 6, 2020, Plaintiff notified Defendants about the status of his disability.

63.     However, Defendants refused and failed to engage in the interactive process, effectively denied Plaintiff's request for leave, and summarily terminated him sometime before his request to return.

64.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

65.     Defendants intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

## COUNT FOUR

### Retaliation in Violation of the ADA, 42 U.S.C. §§ 12181, *et seq.*

66.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

67.     Plaintiff was qualified for his position when Defendants fired him.

68.     In or about November of 2019, Plaintiff engaged in protected activity by requesting reasonable accommodations for his disability.

69.     Specifically, on November 21, 2019, Plaintiff turned in his doctor's note instructing him to remain out of work until further notice, after which Plaintiff subsequently took this leave.

70.     At some point shortly after Plaintiff took leave but before he was able to return in June of 2020, Defendants terminated Plaintiff.

71.     Upon information and belief, Defendants fired Plaintiff because he requested reasonable accommodations for his disability.

72.     Plaintiff suffered damages as a result of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

73.     Defendants intentionally violated Plaintiff's rights under the ADA, with malice or reckless indifference, and, as a result, are liable for punitive damages.

### COUNT FIVE

### Discrimination in Violation of the NYSHRL, N.Y. Exec. Law § 296

74.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

75.     Pursuant to the NYSHRL, N.Y. Exec. Law § 296(1)(a), it shall be an unlawful discriminatory practice for an employer to refuse to hire or employ or to bar or to discharge from employment an individual because of an individual's disability or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment.

76.     Pursuant to the NYSHRL § 297(9), any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate.

77.     Additionally, according to NYSHRL § 296(6), it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this article, or attempt to do so.

78.     Defendants, however, discriminated against Plaintiff in the terms and conditions of his employment because of his disability in violation of § 296(1)(a) of the NYSHRL.

79.     Plaintiff has been disabled since in or about September or October of 2019, and therefore is a member of a protected class under the NYSHRL.

80.     Despite having knowledge of Plaintiff's disability, Lewis Tree still chose to engage in a course of conduct, as stated above, which resulted in adverse employment actions against Plaintiff because of his disability, including but not limited to failing to engage with Plaintiff in an interactive process to determine whether a reasonable accommodation could be offered.

81.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SIX

### Retaliation in Violation of the NYSHRL, N.Y. Exec. Law § 296

82.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

83.     Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified, or assisted in any proceedings under this article.  See N.Y. Exec. Law § 296(7).

84.     Plaintiff engaged in a protected activity under the NYSHRL by requesting reasonable accommodations.

85.     Upon information and belief, Defendants were aware of the protected activity.

86.     However, Defendants undertook an adverse employment actions in response to Plaintiff's requests by denying his requests, failing to notify him of his right to engage in a n Interactive Dialogue option, and finally by terminating him.

13

87.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment from the Defendants as follows:

A.  Accept jurisdiction over this matter;

B.  Award Plaintiff for his past and future loss of wages, and benefits, plus statutory prejudgment and post-judgment interest;

C.  Award of front pay to Plaintiff (including benefits);

D.  Award of backpay to Plaintiff;

E.  Award of liquidated damages to Plaintiff for damages incurred in connection with this action, equal to the sum amount of backpay and interest or as otherwise provided by the causes of action;

F.  Award of all costs and reasonable attorneys' fees to Plaintiff for all costs incurred in connection with this action;

G.  Award of compensatory damages to Plaintiff;

H.  Award of emotional distress damages to Plaintiff;

I.  Award of punitive damages to Plaintiff for Defendant's willful, reckless, intentional, knowing, and/or malicious misconduct; and

J.  A grant of any such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims properly triable by a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: Forest Hills, New York
       May 20, 2021

                                        Respectfully submitted,

                                        **SHALOM LAW, PLLC**


                                        /s/Jonathan Shalom
                                        Jonathan Shalom, Esq.
                                        105-13 Metropolitan Avenue
                                        Forest Hills, NY 11375-6737
                                        (718) 971-9474 (office)
                                        Jonathan@ShalomLawNY.com

                                        *Attorneys for Plaintiff*