UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDDIE GARCIA,

                                    Plaintiff,

            vs.

LEWIS TREE SERVICE, INC. and
ROBERT GASTON,

                                    Defendants.

Civil Action No.:

1:21-cv-06393-EAW

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

FACTS ...................................................................................................................3

ARGUMENT ...........................................................................................................4

POINT I      PLAINTIFF'S NYSHRL CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF NEITHER LIVED NOR WORKED IN NEW YORK ................................................................................4

POINT II     ALL CLAIMS AGAINST DEFENDANT GASTON MUST BE DISMISSED ..............................................................................6

    A.    This Court Lacks Personal Jurisdiction Over Gaston ............................7

       i.    Legal Standard ...........................................................7

       ii.    Facts Relevant to the Personal Jurisdiction Analysis ................8

       iii.    Gaston is Not Subject to General Personal Jurisdiction in New York ...................................................................10

       iv.    Gaston is Not Subject to Specific Jurisdiction in New York .......11

           a.    CPLR 302(a)(1) ..............................................12

           b.    CPLR 302(a)(2) ..............................................13

           c.    CPLR 302(a)(3) ..............................................14

    B.    There is No Individual Liability Under the ADA ...................................15

    C.    Plaintiff Has Failed to Plausibly Allege Individual Liability Under the FMLA ...................................................................15

POINT III    PLAINTIFF FAILED TO STATE A CLAIM UNDER THE FMLA OR ADA AGAINST LEWIS TREE ..............................................16

    A.    Pleading Standards Under Rule 12(b)(6) ...............................................17

    B.    Plaintiff Failed to State a Claim for FMLA Interference Against Lewis Tree ...................................................................17

    C.    Plaintiff Failed to State a Claim for FMLA Retaliation Against Lewis  Tree ...................................................................19

D.     Plaintiff Failed to State a Claim for Failure to Accommodate Under the ADA Against Lewis Tree ........................................................21

E.     Plaintiff Failed to State a Claim for Retaliation Under the ADA Against Lewis Tree ................................................................................22

CONCLUSION ....................................................................................................................23

12819078.2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Bd. of Educ. of City Sch. Dist. of City of New York*,
107 F. Supp. 3d 323 (S.D.N.Y. 2015), *aff'd sub nom.*
*Alexander v. Bd. of Educ. of City of New York*, 648 F. App'x 118 (2d Cir. 2016) .................20

*Arrowsmith v. United Press Int'l*,
320 F.2d 219 (2d Cir. 1963) ...................................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...............................................................................................................17

*Bailey v. Mount Vernon City Sch. Dist.*,
2020 WL 1528481 (S.D.N.Y. Mar. 30, 2020) ......................................................................22

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
171 F.3d 779 (2d Cir. 1999) .................................................................................................14

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ..........................................................................................................17, 20

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239 (2d Cir. 2007) .................................................................................................12

*Brinkmann v. Adrian Carriers, Inc.*,
29 A.D.3d 615 (2d Dep't 2006) ...........................................................................................10

*Cooke v. United States*,
918 F.3d 77 (2d Cir. 2019) .....................................................................................................8

*D'Alessio v. Charter Commc'ns, LLC*,
2020 WL 5638721 (E.D.N.Y. Sept. 21, 2020) .....................................................................22

*Daly v. Westchester Cty. Bd. of Legislators*,
2021 WL 229672 (S.D.N.Y. Jan. 22, 2021) ......................................................................18, 20

*Doe v. Del. State Police*,
939 F. Supp. 2d 313 (S.D.N.Y. 2013) ..................................................................................14

*Doner-Hendrick v. New York Inst. of Tech.*,
2011 WL 2652460 (S.D.N.Y. July 6, 2011) ...........................................................................5

*Donnellan v. New York City Transit Auth.*,
1999 WL 527901 (S.D.N.Y. July 22, 1999) .........................................................................19

12819078.2

*Dooley v. Jetblue Airways Corp.*,
No. 14-CV-4432 JMF, 2015 WL 1514955 (S.D.N.Y. Apr. 1, 2015), *aff'd in relevant part, vacated in part on other grounds, remanded*, 636 F. App'x 16 (2d Cir. 2015) ......................21

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
722 F.3d 81 (2d Cir. 2013)................................................................................................7

*Eades v. Kennedy PC L. Offs.*,
799 F.3d 161 (2d Cir. 2015)............................................................................................12

*Ehrenfeld v. Mahfouz*,
489 F.3d 542 (2d Cir. 2007).............................................................................................13

*Emmons v. City Univ. of New York*,
715 F. Supp. 2d 394 (E.D.N.Y. 2010) .............................................................................18

*Fischbarg v. Doucet*,
9 N.Y.3d 375 (2007) ........................................................................................................12

*Fukelman v. Delta Air Lines, Inc.*,
2020 WL 4587496 (E.D.N.Y. Apr. 13, 2020) ..................................................................20

*Garcia v. Kings Cty. Hosp. Ctr.*,
2018 WL 389212 (S.D.N.Y. Jan. 11, 2018) ....................................................................22

*Gilbert v. Indeed, Inc.*,
2021 WL 169111 (S.D.N.Y. Jan. 19, 2021) ............................................................ *passim*

*Goldstein v. Pataki*,
516 F.3d 50 (2d Cir. 2008)...............................................................................................17

*Gomez v. New York City Police Dep't*,
191 F. Supp. 3d 293 (S.D.N.Y. 2016)..............................................................................15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011).........................................................................................................8

*Graham v. Macy's, Inc.*,
2016 WL 354897 (S.D.N.Y. Jan. 28, 2016) .....................................................................20

*Graziadio v. Culinary Inst. of Am.*,
817 F.3d 415 (2d Cir. 2016)........................................................................15, 16, 18, 19

*Hoffman v. Parade Publications*,
15 N.Y.3d 285 (2010) ...................................................................................................4, 5

*Int'l Healthcare Exch., Inc. v. Glob. Healthcare Exch., LLC*,
470 F. Supp. 2d 345 (S.D.N.Y. 2007)..............................................................................15

iv

*Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*,
    716 F.3d 10 (2d Cir. 2013)..............................................................................3

*Kreutter v. McFadden Oil Corp.*,
    71 N.Y.2d 460 (1988) ................................................................................11

*Lane v. Maryhaven Ctr. of Hope*,
    944 F. Supp. 158 (E.D.N.Y. 1996) .............................................................15

*Langella v. Mahopac Cent. Sch. Dist.*,
    2020 WL 2836760 (S.D.N.Y. May 31, 2020) .............................................23

*Laufer v. Ostrow*,
    55 N.Y.2d 305 (1982) ................................................................................10

*Lugones v. Pete & Gerry's Organic, LLC*,
    440 F. Supp. 3d 226 (S.D.N.Y. 2020).........................................................7

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996)..........................................................................7

*Natofsky v. City of New York*,
    921 F.3d 337 (2d Cir. 2019)......................................................................22

*Noll v. Int'l Bus. Machs. Corp.*,
    787 F.3d 89 (2d Cir. 2015)........................................................................21

*Ontel Prod., Inc. v. Project Strategies Corp.*,
    899 F. Supp. 1144 (S.D.N.Y. 1995)..........................................................13

*Orlofsky v. Devlin Grp., Inc.*,
    2010 WL 11623064 (E.D.N.Y. Jan. 27, 2010) .........................................13

*Pakniat v. Moor*,
    192 A.D.3d 596 (1st Dep't 2021) ................................................................5

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
    16 N.Y.3d 295 (2011) ................................................................................14

*Pilates, Inc. v. Pilates Inst., Inc.*,
    891 F. Supp. 175 (S.D.N.Y. 1995) ............................................................11

*Racker v. St. Bonaventure Univ.*,
    2005 WL 1522797 (W.D.N.Y. June 28, 2005)..........................................17

*Regan v. Benchmark Co. LLC*,
    2012 WL 692056 (S.D.N.Y. Mar. 1, 2012) ...............................................17

*Riddle v. Citigroup*,
    640 F. App'x. 77 (2d Cir. 2016) ........................................................22

*Savage v. OFC. Michael Acquino*,
    2016 WL 5793422 (W.D.N.Y. Sept. 30, 2016) ...................................17

*Scott v. ProClaim Am., Inc.*,
    2015 WL 3851243 (E.D.N.Y. June 22, 2015) ...................................7, 8

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
    750 F.3d 221 (2d Cir. 2014)................................................................8

*In re Terrorist Attacks on Sept. 11, 2011*,
    714 F.3d 659 (2d Cir. 2013)................................................................7

*Ulrich v. Moody's Corp.*,
    2014 WL 12776746 (S.D.N.Y. Mar. 31, 2014) ...................................5

*Wallace Church & Co. Inc. v. Wyattzier, LLC*,
    2020 WL 4369850 (S.D.N.Y. July 30, 2020) .....................................10

*Ware v. L-3 Vertex Aerospace, LLC*,
    833 F. App'x 357 (2d Cir. 2020) .......................................................5

*Whitaker v. American Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001)................................................................7

*Wiley v. Plattsburgh*,
    407 F. Supp. 3d 119 (N.D.N.Y. 2019) ...............................................23

*Wolo Mfg. Corp. v. ABC Corp.*,
    349 F. Supp. 3d 176 (E.D.N.Y. 2018) ...............................................13

12819078.2

# PRELIMINARY STATEMENT

Defendants Lewis Tree Service, Inc. ("Lewis Tree") and Robert Gaston ("Gaston") (collectively "Defendants") bring this motion to dismiss Plaintiff Eddie Garcia's Complaint (Dkt. 1) pursuant to Rule 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure.

Plaintiff took FMLA leave from his job with Lewis Tree when he was diagnosed with colon cancer in November 2019. His doctor indicated that he would be able to return to work about seven months later. Plaintiff was terminated during that period of leave. Those are the only salient facts alleged in the Complaint, and the sole basis from which Plaintiff asserts causes of action against both Defendants under the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"). As discussed in detail herein, Plaintiff's claims are fatally deficient as against both Lewis Tree and Gaston. In fact, as to Gaston, the Complaint fails to make any allegation whatsoever as relates to Gaston regarding how he was allegedly involved with any of the claims or actions at issue in this litigation. Even accepting all of the facts alleged as true and affording Plaintiff all favorable inferences as required at this motion to dismiss stage, the Complaint is insufficient and must be dismissed against both Defendants.

First, Plaintiff fails to state a claim under NYSHRL because Plaintiff neither lived nor worked in New York. Although Lewis Tree's main office is located within New York, the law is clear a claim under the NYSHRL cannot be sustained where Plaintiff himself does not live or work within New York State. The Court lacks subject matter jurisdiction over Plaintiff's NYSHRL claims and they must be dismissed.

Second, to the extent any remaining claims are asserted against Gaston individually, they must be dismissed. As to Plaintiff's ADA claim, the law is clear that there is no individual liability

under that statute. As to Plaintiff's FMLA claim, there are no allegations anywhere in the Complaint that alleges any involvement by Gaston in the alleged violation of his FMLA rights. Moreover, as to all of Plaintiff's claims against Gaston, this Court lacks personal jurisdiction over Gaston because he has no contacts with New York and had no personal involvement with any of the events giving rise to Plaintiff's claims.

Third, Plaintiff fails to state claims against Lewis Tree under the FMLA. Plaintiff's claim for alleged FMLA interference fails because the Complaint makes clear that Plaintiff did, in fact, receive 12 weeks of unpaid leave, as required by that law, and was unable to return to work at the end of that time. Because Plaintiff received all of the leave that the law afforded him, his claim for alleged interference must be dismissed. Plaintiff's FMLA retaliation claim fares no better, as the only alleged link between Plaintiff's protected activity, temporal proximity, is too remote to allege a prima facie case of causation. Plaintiff's FMLA claims must be dismissed.

Finally, Plaintiff's ADA claims against Lewis Tree are similarly deficient. Plaintiff's failure to accommodate claim fails because Plaintiff does not allege that he requested any accommodation that was allegedly denied. As for Plaintiff's ADA retaliation claim, it fails because Plaintiff does not allege that "but for" Plaintiff exercising his rights under the ADA his employment would not have been terminated, as is required for such claims in the Second Circuit.

For the reasons discussed herein, this Court should grant Defendants' motion and dismiss the Complaint in its entirety.

12819078.2

# FACTS[1]

Plaintiff is a citizen and resident of Pennsylvania (Complaint ¶ 5). He was employed by Lewis Tree from 2009 until 2020 (Complaint ¶ 6).

Lewis Tree is a New York corporation, headquartered in Monroe County, New York (Complaint ¶ 8).

Robert Gaston was "employed by Lewis Tree as a manager or supervisor," and "held a supervisory or managerial role over the Plaintiff" (Complaint ¶¶ 10-11).

On or about November 6, 2019, Plaintiff was diagnosed with colon cancer, requiring him to undergo chemotherapy treatment (Complaint ¶¶ 23-25). Plaintiff notified Lewis Tree's HR department of his diagnosis by phone (Complaint ¶ 26) and began an FMLA leave of absence from his position on that same day, November 6, 2019[2] (Complaint at p. 9 ¶ 52).[3]

Plaintiff "faxed documentation from his doctor to Lewis Tree after his doctor's visits on or about November 21, 2019 and December 26, 2019" (Complaint ¶ 27). The Complaint further alleges that "doctor's notes from each of his chemotherapy treatments beginning on January 21, 2020 and occurring once every other week until June 6, 2020" were faxed to Lewis Tree, and that "on January 21, 2020, [Plaintiff's] physician wrote to Lewis Tree informing the company that Mr. Garcia should be finished with chemotherapy treatments and able to return to work 'by the

---

[1] The following facts are taken strictly from the Complaint and are assumed to be true for the purposes of this motion only. *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013).

[2] This paragraph states that Plaintiff took FMLA leave beginning on "November 6, 2020," but it is clear from the context that Plaintiff meant November 6, 2019.

[3] On Page 9 of the Complaint, the section under the heading "Count One" ends with Paragraph 61, but then the next paragraph (the first paragraph under "Count Two") does not continue in sequential numbering and instead reverts back to "Paragraph 51." Paragraphs 51 through 61 therefore appear twice in the Complaint, once under Count One and once under Count Two. To avoid confusion, this memorandum refers to both the page and paragraph number when citing to Paragraphs "51-61".

12819078.2

end of June 2020'" (Complaint ¶¶ 27-28).  Plaintiff was ultimately granted permission from his

doctor to return to work on July 6, 2020 (Complaint ¶ 29).

In early June 2020, Plaintiff's brother attempted to provide Lewis Tree with "return-to-

work paperwork" for Plaintiff (Complaint ¶ 30).  While doing so, Plaintiff's brother learned that

Lewis Tree had already terminated Plaintiff's employment (Complaint ¶ 30).  Plaintiff alleges that

he then phoned Lewis Tree and learned that it had terminated his employment "months ago" while

he was "on leave" (Complaint ¶¶ 32, 42).

On these facts, Plaintiff asserts the following six causes of action against both Lewis Tree

and Gaston: (1) FMLA interference; (2) FMLA retaliation; (3) failure to provide a reasonable

accommodation under the ADA; (4) ADA retaliation; (5) disability-based discrimination under the

NYSHRL; and (6) NYSHRL retaliation (*see generally* Complaint at p. 8-13).  All such claims

must be dismissed.

## ARGUMENT

## POINT I

## PLAINTIFF'S NYSHRL CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF NEITHER LIVED NOR WORKED IN NEW YORK

It is well-settled that employees who neither live nor work in New York may not bring

claims under NYSHRL.  *Hoffman v. Parade Publications*, 15 N.Y.3d 285 (2010).  In *Hoffman v.*

*Parade Publications*, the Court of Appeals squarely addressed this question, holding:

> The obvious intent of the [New York] State Human Rights Law is
> to protect 'inhabitants' and persons 'within' the state, meaning that
> those who work in New York fall within the class of persons who
> may bring discrimination claims in New York. … [T]he law does
> not protect a nonresident like [plaintiff].

*Id.* at 291-92.  Accordingly, in order to assert a claim under the NYSHRL, a plaintiff "must plead

and prove that the alleged discriminatory conduct had an impact in New York" (*id.* at 291) by

pleading that the plaintiff him/herself was directly affected within New York State. *Doner-Hendrick v. New York Inst. of Tech.*, 2011 WL 2652460, *8 (S.D.N.Y. July 6, 2011) (the "'impact' within the state that plaintiff must plead ... is the direct effect of a discriminatory act on a protected individual"). But where a plaintiff is "neither a resident of, nor employed in the City or State of New York," claims under the NYSHRL are properly dismissed for lack of subject matter jurisdiction. *Hoffman*, 15 N.Y.3d at 292.

Plaintiff's fifth and sixth causes of action purport to assert claims for alleged disability-based discrimination and retaliation under the NYSHRL against both Lewis Tree and Gaston. But Plaintiff's NYSHRL claims are fatally flawed, as Plaintiff lived and worked in Pennsylvania at all relevant times. Plaintiff acknowledges in the Complaint that he lives in Berks County, Pennsylvania (Complaint ¶ 5). Though Plaintiff avoids making an explicit statement about where he actually performed work, nowhere in the Complaint does Plaintiff ever alleges that he has performed any work in New York at any time. Both of Plaintiff's claims under NYSHRL must be dismissed on this basis.

Moreover, even if the Complaint could be construed as alleging that Lewis Tree made the alleged discriminatory decisions at issue in this litigation at its headquarters in New York, this fact, even if true, would not save Plaintiff's NYSHRL claims. *Pakniat v. Moor*, 192 A.D.3d 596, 597 (1st Dep't 2021) (affirming dismissal of NYSHRL claim holding, "The fact that the alleged discriminatory acts and unlawful decision to terminate plaintiff's employment occurred in New York is insufficient to plead impact in New York."); *Ware v. L-3 Vertex Aerospace, LLC*, 833 F. App'x 357, 358-59 (2d Cir. 2020); *Ulrich v. Moody's Corp.*, 2014 WL 12776746, *16 (S.D.N.Y. Mar. 31, 2014) (dismissing NYSHRL claims because alleged retaliation against non-resident who worked outside New York "did not have an impact here").

Because Plaintiff has failed to plead that the alleged discrimination and retaliation had an impact in New York—nor could he, since he lived and worked in Pennsylvania at all times relevant to this litigation—this Court lacks subject matter jurisdiction over Plaintiff's fifth and sixth causes of action. Such claims must be dismissed as against both Defendants.

## POINT II

### ALL CLAIMS AGAINST DEFENDANT GASTON MUST BE DISMISSED

Aside from being named in the caption, Defendant Gaston is hardly mentioned anywhere in the Complaint. Indeed, aside from the caption, the only references to Gaston are within the introductory paragraphs where he is vaguely alleged to be a "manager or supervisor" and as holding a "supervisory or managerial role over the Plaintiff" (Complaint ¶¶ 10-11). Plaintiff never alleges that Gaston made or was in any way involved with any of the alleged discriminatory or retaliatory decisions or conduct at issue in the Complaint. Nevertheless, each of Plaintiff's six causes of action is brought collectively against the "Defendants" without any differentiation as to which, if any, causes of action are alleged against Gaston as compared to Lewis Tree.[4]

All of Plaintiff's claims against Gaston must be dismissed. This Court lacks personal jurisdiction over Gaston because he lives and works in Pennsylvania and had no involvement whatsoever with the alleged discriminatory/retaliatory conduct at issue in this litigation. Moreover, even if personal jurisdiction could be established, there still is no individual liability under the ADA, and Plaintiff fails to allege any conduct attributable to Gaston to plausibly give rise to individual liability under the FMLA.

---

[4] Under the heading of Count V, for discrimination under NYSHRL, Plaintiff cites the statutory language that makes it unlawful for any person to "aid, abet, incite, compel, or coerce" unlawful acts, but does not even mention Gaston's name in connection with this provision (*see* Complaint ¶ 77 (citing NYSHRL § 296(6)). In any event, for the reasons stated above in Point I, Plaintiff's NYSHRL claims must be dismissed in their entirety against all Defendants.

12819078.2

## A.   This Court Lacks Personal Jurisdiction Over Gaston

### i.   Legal Standard

"A court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdictional question" and must dismiss the action against any defendant over whom it lacks personal jurisdiction. *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 234 (S.D.N.Y. 2020) (citing *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 221 (2d Cir. 1963)); *see* Fed. R. Civ. P. 12(b)(2)).

"[T]he plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Gilbert v. Indeed, Inc.*, 2021 WL 169111, at *8 (S.D.N.Y. Jan. 19, 2021) (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996)).   To defeat a defendant's motion to dismiss on grounds of personal jurisdiction, the plaintiff need make only a prima facie showing by its pleadings and affidavits that jurisdiction exists.   *Id.* (citing *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013).   However, "[t]his prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."   *Dorchester Fin. Sec.*, 722 F.3d at 85 (internal quotation marks omitted).   Although the trial court "construe[s] the pleadings and affidavits in the light most favorable to plaintiffs" (*id.*), the court must "not draw argumentative inferences in the plaintiff's favor" and need not "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013).

"A federal district court exercises personal jurisdiction over a party in accordance with the law of the forum state, subject to the requirements of due process under the United States Constitution." *Scott v. ProClaim Am., Inc.*, 2015 WL 3851243, *3 (E.D.N.Y. June 22, 2015) (citing *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001)).   "In New York, courts may exercise either general or specific jurisdiction over defendants. General jurisdiction allows

courts in New York to adjudicate all claims against an individual or a corporation, even those unrelated to its contacts with the state." *Id.* (citing *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014)). "In contrast, specific jurisdiction 'depends on an affiliation between the forum [state] and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) (internal quotation marks and citations omitted)).

### ii.     Facts Relevant to the Personal Jurisdiction Analysis

Gaston has been a resident of Pennsylvania for his entire life (Gaston Aff. ¶ 2).[5]  He has worked for Lewis Tree for more than 12 years, and has been a General Foreman for the past 11 years (*id*. at ¶ 3).  During his entire employment with Lewis Tree, Gaston has exclusively worked in Pennsylvania, as have all of the employees that he supervises (*id*.).  Gaston has never performed any work in New York, and no Lewis Tree employee has ever performed work in New York while under his supervision (*id*.).

Gaston has no personal connections with New York (*id.* at ¶¶ 5-7).  He does not live in or own any property in New  York (*id.* at ¶ 2).  He does not travel to New York to visit family or friends, to vacation, or to go shopping (*id*. ¶ 5).  In his personal capacity, Gaston does not transact any business in New York, contract anywhere to supply goods or services in New York, solicit business in New York, and or derive any revenue from any goods used or consumed in New York

---

[5]     The accompanying Affidavit of Robert Gaston, sworn to August 5, 2021, is cited herein as "Gaston Aff." This Court may consider the Gaston Affidavit to resolve this jurisdictional issue.  *See, e.g.*, *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019) ("To resolve jurisdictional issues, [courts] may consider affidavits and other materials beyond the pleadings" (citations omitted)).

or services rendered in New York (*id*. at ¶¶ 6-7).  Gaston also derives no personal revenue from interstate or international commerce (*id*. at ¶ 7).

In his role as General Foreman for Lewis Tree, Gaston has no involvement with Lewis Tree employees' requests for health, medical or disability-related leaves of absence (*id*. at ¶ 8). When an employee informs Gaston that he or she has a health issue, Gaston immediately instructs the employee to contact Lewis Tree's benefits department and then he has no further involvement in the process (*id.*).  Lewis Tree's benefits department informs him as to whether the employee will be out on leave for a certain period of time and when the employee is scheduled to return to work, if at all (*id.*).  Gaston makes no inquiries about the employee's condition, maintains no related documents, provides no advice about medical leave to employees, and plays no part in considering or making any determinations about health, medical or disability-related leaves of absence (*id.*).

Gaston had no involvement with any request Plaintiff made for FMLA leave or for any leave of absence or accommodation related to his medical condition (*id*. at ¶ 9).  Gaston  did not make any decision on or have any involvement with any decision that was made by Lewis Tree regarding Plaintiff's medical leave of absence, the termination of Plaintiff's employment, or any of the decisions and actions at issue in this litigation (*id.*).

Gaston was not involved in any way with the decision to terminate Plaintiff's employment (*id*. at ¶ 10).  He first learned of Plaintiff's termination on May 22, 2020, when he was informed by email from Lewis Tree's Leave Administrator that Plaintiff's employment had been terminated effective that day (*id.*).  Gaston did not make and had no involvement in making with the termination decision (*id.*).

9

### iii. Gaston is Not Subject to General Personal Jurisdiction in New York

New York's general personal jurisdiction statute provides for jurisdiction over "persons, property, or status as might have been exercised heretofore." N.Y. CPLR 301. "A defendant is subject to personal jurisdiction if he is engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in this jurisdiction." *Gilbert v. Indeed, Inc.*, 2021 WL 169111, *24 (S.D.N.Y. Jan. 19, 2021) (citing *Laufer v. Ostrow*, 55 N.Y.2d 305 (1982)). "However, an employee who is engaged in business in the state 'does not subject himself, individually, to the CPLR 301 jurisdiction of courts [in New York] unless he is doing business in [New York] individually.'" *Id.* (citations omitted).

Here, this Court lacks general personal jurisdiction over Gaston. Gaston resides in Pennsylvania, owns no property in New York, works entirely within Pennsylvania, performs no business in New York and derives no revenue from any business performed in New York. All of his work for Lewis Tree has been performed within Pennsylvania, never in New York, including all of his supervisory responsibilities as none of the employees under his supervision have performed any work in New York. Plaintiff has not alleged anything to the contrary in the Complaint, nor could he. Plaintiff instead appears to be relying entirely on Gaston's position with Lewis Tree to support jurisdiction. But that is patently insufficient, as Gaston's position with Lewis Tree does not itself subject him to general jurisdiction in New York. *See*, *e.g.*, *Wallace Church & Co. Inc. v. Wyattzier, LLC*, 2020 WL 4369850, *5 (S.D.N.Y. July 30, 2020) (holding jurisdiction under CPLR 301 is not established where individual defendants were only asserted basis for jurisdiction was their corporate positions); *Brinkmann v. Adrian Carriers, Inc.*, 29 A.D.3d 615 (2d Dep't 2006) ("An individual cannot be subject to jurisdiction under CPLR 301 unless he is doing business in New York as an individual rather than on behalf of a corporation.").

12819078.2

### iv.      Gaston is Not Subject to Specific Jurisdiction in New York

This Court also lacks specific personal jurisdiction over Gaston.  Although CPLR 302, New York's long arm statute, provides courts with a path to specific personal jurisdiction over non-resident defendants, none of the requirements for specific jurisdiction under that statute are established here.  CPLR 302(a) provides that specific jurisdiction may be exercised over an individual residing outside of New York who:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or owns, uses or possesses any real property situated within the state.

CPLR 302(a).  In other words, specific jurisdiction is only available "provided that the defendant's activities [in New York] were purposeful, and that there was a substantial relationship between the transaction and the claim asserted." *Pilates, Inc. v. Pilates Inst., Inc*., 891 F. Supp. 175, 179 (S.D.N.Y. 1995) (citing *Kreutter v. McFadden Oil Corp*., 71 N.Y.2d 460 (1988)).  Here, there is no basis for specific jurisdiction over Gaston under any of the potentially applicable sections of CPLR 302(a).

### a. CPLR 302(a)(1)

To establish jurisdiction under CPLR 302(a)(1), Plaintiff must allege that: (1) Gaston has "transacted business" in New York; and (2) the claim asserted arises from that business activity. *Eades v. Kennedy PC L. Offs*., 799 F.3d 161, 168 (2d Cir. 2015). "Under the first prong, a non-domiciliary defendant need not be physically present in New York to 'transact business,' so long as the defendant has engaged in 'purposeful activity,' for example, 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Gilbert v. Indeed, Inc*., 2021 WL 169111, *25 (S.D.N.Y. Jan. 19, 2021) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246-47 (2d Cir. 2007)). "The Court looks to the 'quality' and not the quantity of the contacts." *Id*. (citing *Fischbarg v. Doucet*, 9 N.Y.3d 375 (2007) (purposeful activity where defendant attempted to establish relationship through calls, faxes and emails projected into New York over months)).

With respect to the first prong, Plaintiff has made no allegation that Gaston "transacted business" in New York or "purposefully availed" himself "of the privilege of conducting activities" in New York. Nor could Plaintiff make any such truthful allegations. As Gaston's accompanying affidavit makes clear, Gaston performs his work for Lewis Tree exclusively in Pennsylvania, he does not transact any business of any kind in New York, does not contract to supply goods or services in New York, and does not derive any revenue from business conducted or services rendered in New York (Gaston Aff. ¶¶ 4-7).

With respect to the second prong, Plaintiff fails to allege, nor could he, that Gaston had anything to do with Plaintiff's FMLA leave, any alleged request for reasonable accommodation or Lewis Tree's handling of same, or the termination of his employment. Indeed, Gaston's affidavit makes clear that, in fact, he had no involvement at all with such things (Gaston Aff. ¶¶ 8-10).

12

Although the Complaint contains vague allegations about the conduct of all "defendants" without specifying how Gaston himself was involved in the alleged offending conduct, such allegations are insufficient to establish specific personal jurisdiction over Gaston under CPLR 302(a)(1). *See*, *e.g.*, *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 195-97 (E.D.N.Y. 2018) ("plaintiff's conclusory and vague allegations in the amended complaint, which generally refer to 'defendants' in the plural and fail to describe [the individual defendant's] specific role, if any, in the alleged acts of which plaintiff complains, are insufficient to demonstrate [individual defendant's] personal involvement in any of the alleged misconduct"); *Orlofsky v. Devlin Grp., Inc.*, 2010 WL 11623064, *2 (E.D.N.Y. Jan. 27, 2010) ("When considering a 12(b)(2) motion to dismiss, the Court assumes as true factual averments of jurisdiction.... However, conclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a prima facie showing of jurisdiction." (quotations and citations omitted)); *Ontel Prod., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1148-49 (S.D.N.Y. 1995) (finding no personal jurisdiction over company president, despite individual's many contacts with New York, because plaintiff made no allegations of president's personal involvement with the activities giving rise to the suit).

### b.     CPLR 302(a)(2)

Section 302(a)(2) provides for jurisdiction over a defendant who "commits a tortious act within the state."  CPLR 302(a)(2).  In order to establish jurisdiction under this section, "[t]here must be some basis for considering the defendant's actions to be tortious, either under the law of New York or some other pertinent jurisdiction."  *Gilbert,* 2021 WL 169111 at *28 (citing *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 551 (2d Cir. 2007)).  Here, however, the Complaint does not make any allegation that Gaston himself took any offending action, let alone engaged in a tortious act within New York.  Specific jurisdiction under CPLR 302(a)(2) is thus lacking.

13

### c. CPLR 302(a)(3)

To establish jurisdiction under CPLR 302(a)(3), Plaintiff must allege: "(1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce." *Gilbert,* 2021 WL 169111 *29 (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 16 N.Y.3d 295 (2011); N.Y. C.P.L.R. § 302(a)(3)(ii)). "Under Section 302(a)(3), a defendant's 'act must have caused injury to a person or property within New York.'" *Id.* (citing *Doe v. Del. State Police*, 939 F. Supp. 2d 313, 325-26 (S.D.N.Y. 2013)). "In determining whether an injury to person or property in New York has been alleged, courts apply a 'situs-of-injury test, which asks them to locate the original event which caused the injury.'" *Id.* (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999)).

Here, the Complaint fails to allege any of these elements. As set forth above, Plaintiff has not alleged that Gaston committed any tortious act, that any such act related to Plaintiff's claims, or that Plaintiff has ever been to New York, let alone that New York is the "situs" of his injury. To the contrary, Plaintiff has admitted that he is a citizen of Pennsylvania (Complaint ¶ 5), and as Plaintiff has claimed Gaston was his supervisory he has implicitly admitted that he worked exclusively within Pennsylvania (*see* Gaston Aff. ¶ 4). Accordingly, to the extent that Plaintiff was allegedly harmed by the conduct at issue in this case, the situs of harm is Pennsylvania, not New York. Plaintiff has also failed to allege, nor could he if he tried, that Gaston solicits any business or derives substantial revenue from interstate or international commerce, nor could Plaintiff do so even if he tried, as Gaston's affidavit confirms that he does not derive any revenue,

14

let alone substantial revenue, from interstate or international commerce (Gaston Aff. ¶¶ 6-7). And

Plaintiff cannot impute the revenue of Lewis Tree to Gaston for this purpose. *See*, *e.g.*, *Int'l*

*Healthcare Exch., Inc. v. Glob. Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 360 (S.D.N.Y. 2007)

(finding no personal jurisdiction over individual employee where because "[t]he revenue of a

corporation is imputed to individuals for jurisdictional purposes only if they are major

shareholders.").

In short, there is no basis upon which this Court may exercise specific personal jurisdiction

over Gaston under CPLR 302(a).

**B.        There Is No Individual Liability Under the ADA**

Even if, *arguendo*, personal jurisdiction over Gaston could be established, Plaintiff's

claims against Gaston under the ADA must still be dismissed. It is well-settled that there is no

individual liability under the ADA. *See, e.g., Gomez v. New York City Police Dep't*, 191 F. Supp.

3d 293, 302–03 (S.D.N.Y. 2016); *Lane v. Maryhaven Ctr. of Hope*, 944 F. Supp. 158, 162

(E.D.N.Y. 1996) (collecting cases). To the extent Plaintiff's third and fourth causes of action are

asserted individually against Gaston, they must be dismissed.

**C.        Plaintiff Has Failed to Plausibly Allege Individual Liability Under the FMLA**

Similarly, even if, *arguendo*, personal jurisdiction could be established, Plaintiff still has

failed to plausibly allege that Gaston is subject to individual liability under the FMLA.

Individuals can only be held liable for FMLA violations when they are deemed to be the

"employer" under the statute, meaning "whether the alleged [individual] possessed the power to

control the worker [ ] in question, with an eye to the 'economic reality' presented by the facts of

each case." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016). In order to

determine whether this standard has been met, courts are required to consider "a nonexclusive and

overlapping set of factors" that are intended to "encompass [ ] the totality of circumstances," and

which can include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citations omitted). As explained by the Second Circuit, in analyzing these factors in the context of potential individual liability under the FMLA, the underlying question that must be answered is whether the individual "controlled in whole or in part plaintiff's rights under the FMLA." *Id.* at 422-23 (citations omitted). If the answer to that question is no, as is the case here, the individual cannot be held liable under the FMLA.

Here, the Complaint fails to allege what is required for there to be a plausible individual claim against Gaston under the FMLA. Plaintiff merely alleges that Gaston is a "manager or supervisor" and holds a "supervisory or managerial role over the Plaintiff"—nothing more (Complaint ¶¶ 10-11). Plaintiff provides no detail about these roles, including anything about Gaston's hiring and firing authority or ability to employees' conditions of employment, rate or method of payment, or maintenance of employment records. Most importantly, there are absolutely no allegations that Gaston controlled in whole or in part Plaintiff's rights under the FMLA, or that Gaston even participated in any way in the process or decisions that allegedly resulted in violating Plaintiff's rights under the FMLA. The allegations in the Complaint are completely insufficient to support any FMLA claims against Gaston.

Accordingly, to the extent Plaintiff's first and second causes of action are asserted individually against Gaston, they must be dismissed.

## POINT III

### PLAINTIFF FAILED TO STATE A CLAIM
### UNDER THE FMLA OR ADA AGAINST LEWIS TREE

Plaintiff's claims under the FMLA and ADA must also be dismissed as against Lewis Tree.

## A.    Pleading Standards Under Rule 12(b)(6)

To survive a motion to dismiss, the Complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

"'[A]t a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'"  *Savage v. OFC. Michael Acquino*, 2016 WL 5793422, *3 (W.D.N.Y. Sept. 30, 2016) (quoting *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (quotations and citations omitted)); *see Twombly*, 550 U.S. at 555 (the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level.").

In addition, although a complaint need not allege specific facts to establish each *prima facie* element of discrimination to survive a Rule 12(b)(6) motion, courts routinely use *prima facie* standards as "a measure of legal feasibility."  *Racker v. St. Bonaventure Univ.*, 2005 WL 1522797, *3 (W.D.N.Y. June 28, 2005) (internal quotations and citation omitted).  "[A] complaint containing factual allegations that preclude the existence of any element of a *prima facie* case cannot possibly raise a claim that is 'facially plausible.'"  *Regan v. Benchmark Co. LLC*, 2012 WL 692056, *9 (S.D.N.Y. Mar. 1, 2012).

## B.    Plaintiff Failed to State a Claim for FMLA Interference Against Lewis Tree

To prevail on an FMLA interference claim, a plaintiff must establish: (1) that he is an eligible employee under the FMLA; (2) that the defendant is an employer as defined by the FMLA;

(3) that he was entitled to take leave under the FMLA; (4) that he gave notice to the defendant of her intention to take leave; and (5) that he was denied benefits to which he was entitled under the FMLA. *Graziadio*, 817 F.3d at 424.

Here, Plaintiff alleges that Lewis Tree interfered with his FMLA rights by not providing him with notice of his FMLA rights (Complaint ¶¶ 57-58). However, Plaintiff never alleges that Lewis Tree denied him FMLA leave, or that Plaintiff did not actually receive any period of unpaid leave to which he would have been entitled under the FMLA. To the contrary, Plaintiff specifically admits that he did, in fact, "exercise[] his FMLA rights by taking FMLA leave from his job" (Complaint at p. 9 ¶ 52). At best, any alleged failure by Lewis Tree to provide Plaintiff notice of his FMLA rights was harmless.

Courts in the Second Circuit routinely dismiss FMLA interference claims where the alleged failure was harmless and Plaintiff received all the rights to which he was entitled. *See*, *e.g.*, *Daly v. Westchester Cty. Bd. of Legislators*, 2021 WL 229672, *12 (S.D.N.Y. Jan. 22, 2021) (granting motion to dismiss FMLA interference claim because the plaintiff "did not allege that [his] request [for FMLA leave] he was ever denied" and "in fact, the leave he requested and took … was *granted*. This belies a claim that [defendant] 'interfered with Plaintiff's FMLA rights" (emphasis in original)); *Emmons v. City Univ. of New York*, 715 F. Supp. 2d 394, 418 (E.D.N.Y. 2010) (admission that plaintiff was granted leave "foreclose[d]" an FMLA interference claim). Because Plaintiff acknowledges that he requested FMLA leave despite the alleged failure to provide him with notice of his FMLA rights, Plaintiff fails to allege that he was denied any FMLA leave and the remainder of his allegations make clear that he did, in fact, receive the FMLA leave to which he was entitled, Plaintiff fails to state a claim for FMLA interference.

18

Finally, to the extent the Complaint can be construed as claiming that Lewis Tree failed to reinstate him following leave as the basis for claiming interference, such claim would necessarily fail. Plaintiff alleges that he requested and commenced his FMLA leave on November 6, 2019 (Complaint p. 9 ¶ 52). He then alleges that his doctor cleared him to return to work on July 6, 2020, approximately 7 months later (Complaint ¶ 29). Because Plaintiff admits that he was not able to return to work until July 2020 (Complaint ¶ 29)—*i.e.*, well after the 12 weeks of FMLA leave to which Plaintiff was entitled—his FMLA interference claim must be dismissed. *See*, e.g., *Donnellan v. New York City Transit Auth.*, 1999 WL 527901, *5 (S.D.N.Y. July 22, 1999) ("[P]laintiff also fails to state a claim for interference with her right to be restored to her position. This right only obtains where the plaintiff is able to return to her position at the conclusion of her FMLA leave period.").

## C. Plaintiff Failed to State a Claim for FMLA Retaliation Against Lewis Tree

To establish a *prima facie* case of FMLA retaliation, a plaintiff must establish: (1) he exercised rights protected under the FMLA; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *Graziadio*, 817 F.3d at 429.

However, in support of this claim, Plaintiff alleges only temporal proximity as the causal connection between exercise of rights under the FMLA and the termination of his employment (*see* Complaint at p. 10 ¶ 56). Although Plaintiff alleges that he was terminated "immediately" after he sought leave on November 6, 2019,[6] Plaintiff also alleges that he does not know when he was terminated and that it was just at some unspecified point "while he was on leave." (Complaint

---

[6] Plaintiff was not terminated until May 22, 2020, more than six months after his request for FMLA leave (*see* Gaston Aff. ¶ 10).

¶ 42; *see id.* at ¶¶ 30, 32, 63, 70).  His allegation is thus a speculative and conclusory statement that cannot stave off dismissal at this stage.  *See Twombly*, 550 U.S. at 555, 557 n.5 (holding a complaint's "factual allegations must be enough to raise a right to relief above the speculative level" to meet the plausibility threshold).

In addition, while temporal proximity can occasionally establish the requisite causal connection, a temporal gap of more than two months between the plaintiff's protected activity and adverse employment action, on its own, is insufficient.  *See*, *e.g.*, *Daly*, 2021 WL 229672 at *12 (granting motion to dismiss FMLA retaliation claim where "Plaintiff pled no facts linking his discussion with [Defendant] in December 2017 to his termination in March 2018 and, as the incidents are more than two months apart, he was required to do so. Because the events were more than two months apart, he could not rely solely on the events' temporal proximity to plead causation."); *Fukelman v. Delta Air Lines, Inc*., 2020 WL 4587496, *19 (E.D.N.Y. Apr. 13, 2020) (dismissing FMLA retaliation claim noting that "the passage of two or three months between the protected conduct and adverse employment action, unsupported by any other allegation showing plausible retaliation, are insufficient to raise an inference of retaliation" (internal quotation marks omitted)), *adopted by* 2020 WL 2781662 (E.D.N.Y. May 29, 2020); *Graham v. Macy's, Inc*., 2016 WL 354897, *9 (S.D.N.Y. Jan. 28, 2016) ("courts in this Circuit generally hold that a gap longer than two months severs the inferred causal relationship"); *Alexander v. Bd. of Educ. of City Sch. Dist. of City of New York*, 107 F. Supp. 3d 323, 329 (S.D.N.Y. 2015) (noting that "the passage of more than two months has been viewed as beyond ... any retaliatory nexus" (internal quotation marks omitted)), *aff'd sub nom. Alexander v. Bd. of Educ. of City of New York*, 648 F. App'x 118 (2d Cir. 2016).  Here, not only has Plaintiff has failed to allege when he was actually terminated, but that he did, in fact, receive the FMLA leave to which he would have been entitled (*see* p. 18

supra).  Inasmuch as Plaintiff implicitly alleges at least a gap of three months (*i.e.*, the 12 weeks of Plaintiff's FMLA leave) between his FMLA request on November 6, 2019 and the termination of his employment, the Complaint fails to allege a plausible claim for FMLA retaliation.

**D.      Plaintiff Failed to State a Claim for Failure to Accommodate Under the ADA Against Lewis Tree**

To maintain a claim under the ADA for failure to accommodate, must plead and prove that he "(1) he is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (internal quotation omitted).

In support of his failure to accommodate claim, Plaintiff alleges that he "notified Defendants about the status of his disability" several times in late 2019 and again "every other week from January 21, 2020 to June 6, 2020" (Complaint ¶ 62).  Then, without any further elaboration, Plaintiff alleges only that "Defendant refused and failed to engage in the interactive process, effectively denied Plaintiff's request for leave, and summarily terminated him sometime before his request to return" (Complaint ¶ 63).  Plaintiff never actually alleges that he even requested an accommodation, or if he did what that accommodation was, when or how or to whom he did so or the way in which it was handled by Lewis Tree, what Lewis Tree allegedly did or did not to not engage in the interactive process under the ADA, or any other detail about Lewis Tree's alleged refusal of the accommodation.

These bare allegations are insufficient to plead a plausible failure to accommodate claim under the ADA. *See*, *e.g.*, *Dooley v. Jetblue Airways Corp.*, No. 14-CV-4432 JMF, 2015 WL 1514955, at *5 (S.D.N.Y. Apr. 1, 2015), *aff'd in relevant part, vacated in part on other grounds,*

*remanded*, 636 F. App'x 16 (2d Cir. 2015) (dismissing ADA failure to accommodate claim as "woefully insufficient to survive motion to dismiss" where, "conclusory allegations aside, Plaintiff neither alleges that she asked for an accommodation for her disability nor provides any facts suggesting that the decision to terminate her was related to the accommodations required by her disability."). Plaintiff's third cause of action against Lewis Tree must be dismissed.

**E.    Plaintiff Failed to State a Claim for Retaliation Under the ADA Against Lewis Tree**

In order to establish a cause of action for retaliation under the ADA, a plaintiff must plead and prove "(i) [ ] plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019) (citations omitted). Although pleading a prima facie case is not required, the facts alleged in the complaint must still give rise to a plausible inference of causation in order to survive dismissal at this stage. "To sufficiently plead causation, the plaintiff must plausibly allege a connection between the adverse action and participation in protected activity." *Garcia v. Kings Cty. Hosp. Ctr.*, 2018 WL 389212, *6 (S.D.N.Y. Jan. 11, 2018) (citing *Riddle v. Citigroup*, 640 F. App'x. 77, 79 (2d Cir. 2016)). And, as the Second Circuit has held, that the alleged protected activity must be the "but for" cause of the adverse action at issue in order to sustain an ADA retaliation claim. *Natofsky v. City of New York*, 921 F.3d 337, 347 (2d Cir. 2019); *see also D'Alessio v. Charter Commc'ns, LLC*, 2020 WL 5638721, *6 (E.D.N.Y. Sept. 21, 2020) ("ADA retaliation claims require a but-for causal showing between the adverse action and the protected activity"); *Bailey v. Mount Vernon City Sch. Dist.*, 2020 WL 1528481, *12 (S.D.N.Y. Mar. 30, 2020) ("recent Second Circuit decisions …

conclusively establishes that 'but-for' causation is required for each of Plaintiff's claims," one of which was an ADA discrimination claim).

Here, Plaintiff only vaguely alleges that "at some point shortly after Plaintiff took leave but before he was able to return in June of 2020, Defendants terminated Plaintiff" (Complaint ¶ 70) and that "[u]pon information and belief, defendants fired Plaintiff because he requested reasonable accommodations for his disability" (Complaint ¶ 71). But the Complaint fails to set forth any facts to connect, let alone to plausibly allege a but for causal connection, his taking leave with the termination of his employment or any other alleged exercise of Plaintiff's rights under the ADA. Plaintiff's false syllogism allegations that he engaged in protected activity and subsequently suffered an adverse employment action without any facts plausibly connecting same, is insufficient. His ADA retaliation claim must be dismissed. *See*, *e.g.*, *Langella v. Mahopac Cent. Sch. Dist.*, 2020 WL 2836760, *12 (S.D.N.Y. May 31, 2020) (dismissing ADA retaliation claim where "Plaintiff has failed to plausibly allege that the protected activity was the 'but-for' cause of Defendants' actions."); *see Wiley v. Plattsburgh*, 407 F. Supp. 3d 119, 129 (N.D.N.Y. 2019) ("In sum, [plaintiff's] discrimination claims boil down to a classic false syllogism that fails to support an inference of discrimination: "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me ...; therefore the bad thing happened because I am (fill in the protected class)").

## CONCLUSION

Based on the foregoing, the Court should issue an Order granting Defendants' motion to dismiss and dismissing the Complaint in its entirety pursuant to Rule 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure.

12819078.2

Dated:   August 9, 2021

Respectfully submitted,

BOND, SCHOENECK & KING PLLC

By: _____

　　Jessica C. Moller, Esq.
　　1010 Franklin Avenue, Suite 200
　　Garden City, NY 11530
　　(516) 267-6332 / JMoller@bsk.com

　　Peter H. Wiltenburg, Esq.
　　Avant Building – Suite 900
　　200 Delaware Avenue
　　Buffalo, New York 14202
　　(716) 416-7000 / PWiltenburg@bsk.com

　　*Attorneys for Defendants*