UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDDIE GARCIA,

                                    **Case No.: 1:21-cv-6393 (EAW)**

                  Plaintiff,

      -against-

LEWIS TREE SERVICE, INC. and ROBERT
GASTON,

                  Defendants.
------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**


**SHALOM LAW, PLLC**

Jonathan Shalom, Esq.
10513 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
Jonathan@shalomlawny.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT………………………………………………………….1

LEGAL STANDARD…………………………………………………………………….3

STATEMENT OF FACTS………………………………………………………………..4

ARGUMENT……………………………………………………………………………..5

I.      PLAINTIFF'S NYSHRL CLAIM MUST SURVIVE…………………………………5

II.     PLAINTIFF'S CLAIMS AGAINST GASTON MUST SURVIVE……………………...6

III.    PLAINTIFF PROPERLY PLED HIS FMLA & ADA CLAIMS………………………..8

IV.    IN THE EVENT OF DISMISSAL, LEAVE TO REPLEAD MUST BE GRANTED….11

CONCLUSION…………………………………………………………………………..11

# TABLE OF AUTHORITIES

Camel Investments Ltd. v. Transocean Capital Ltd.,
    195 A.D.2d 533 (1993)……………………………………………………………7

Chance v. Armstrong,
    143 F.3d 698, 701 (2d Cir. 1998)……………………………………………………4

Chloé v. Queen Bee of Beverly Hills, LLC,
    616 F.3d 158, 163 (2d Cir. 2010)……………………………………………………7

Cox v. Perfect Bldg. Maint. Corp.,
    No. 16-CIV.-7474 (VEC), 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017)………….4

Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.,
    829 F. Supp. 62, 64 (S.D.N.Y. 1993)………………………………………………..7

Griffin v. Sirva, Inc.,
    76 N.E.3d 1063 (2017)……………………………………………………..6 n.1

Hayden v. Cnty. of Nassau,
    180 F.3d 42, 53 (2d Cir. 1999)……………………………………………………..11

Hoffman v. Parade Publs.,
    933 N.E.2d 744, 744 (2010)………………………………………………………..6 n.1

Hoffman,
    933 N.E.2d at 744…………………………………………………………………..6 n.2

Iwankow v. Mobil Corp.,
    541 N.Y.S.2d 428, 429 (1st Dept. 1989))……………………………………………5

Jaghory v. New York State Dep't of Educ.,
    131 F.3d 326, 329 (2d Cir. 1997)……………………………………………………4

Jazini v. Nissan Motor Co.,
    148 F.3d 181, 185 (2d Cir. 1998)…………………………………………………….7

J.S. ex rel. N.S. v. Attica Cent. Sch.,
    386 F.3d 107, 110 (2d Cir. 2004)……………………………………………………3

Kraiem v JonesTrading Institutional Services LLC.,
    492 F. Supp. 3d 184 (S.D.N.Y. 2020)………………………………………………..5

Kurlender v. Ironside Grp., Inc.,
    No. 18-CV-3839 (JFB) (AYS), 2019 WL 1317405, at *3 (E.D.N.Y. Mar. 22, 2019)….10

Lambert v. Trump Int'l Hotel & Tower,
	304 F. Supp. 3d 405, 423 (S.D.N.Y. 2018)……………………………………………9

Makarova v. United States,
	201 F.3d 110, 113 (2d Cir. 2000)……………………………………………………...3

Malik v. Meissner,
	82 F.3d 560, 562 (2d Cir. 1996)……………………………………………………….3

Martinez v. Riverbay Corp.,
	No. 16-CIV.-547 (KPF), 2016 WL 5818594, at *3 (S.D.N.Y. Oct. 4, 2016)……………3

McCarthy v. Dun & Bradstreet Corp.,
	482 F.3d 184, 191 (2d Cir. 2007)……………………………………………………...4

Penguin Grp. (USA) Inc. v. Am. Buddha,
	609 F.3d 30, 34 (2d Cir.2010)………………………………………………………….6

Papasan v. Allain,
	478 U.S. 265, 286 (1986)………………………………………………………………7

Robinson v. Overseas Military Sales Corp.,
	21 F.3d 502, 507 (2d Cir. 1994)………………………………………………………..7

Rodriguez v. Atria Sr. Living Grp., Inc.,
	887 F. Supp. 2d 503, 512 (S.D.N.Y.  2012)…………………………………………..11

Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v.
Navimpex Centrala Navala,
	989 F.2d 572, 580 (2d Cir.1993)……………………………………………………….7

Thomas v. Metro. Correction Ctr.,
	No. 09-CIV.-1769 (PGG) 2010 WL 2507041, at *1 (S.D.N.Y. June 21, 2010)………….3

Torrico v. Int'l Bus. Machs. Corp.,
	213 F. Supp. 2d 390, 407 (S.D.N.Y. 2002)…………………………………………….5

National Cathode Corp. v. Mexus Co.,
	855 F. Supp. 644, 646 (S.D.N.Y. 1994)………………………………………………..7

Pilates, Inc. v Pilates Inst., Inc.,
	891 F. Supp. 175, 181 (S.D.N.Y. 1995)………………………………………………..8

Vangas v. Montefiore Med. Ctr.,
	823 F.3d 174, 182 (2d Cir. 2016)……………………………………………….6 n.1

Zappia Middle E. Constr. Co. Ltd. v. Emirate of Abu Dhabi,
    215 F.3d 247, 253 (2d Cir. 2000)……………………………………………………3

**Statutes**

New York Civil Practice Law & Rules § 302(a)(2) ........................................................................ 8

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................................ 3, 4

Fed. R. Evid. 201(b)……………………………………………………………………………….4

**PRELIMINARY STATEMENT**

Defendants Lewis Tree Service, Inc. (hereinafter "Lewis Tree") and Robert Gaston (hereinafter "Gaston") (Lewis Tree and Gaston collectively hereinafter the "Defendants") have thrown the proverbial kitchen sink at the Complaint filed by Plaintiff Eddie Garcia (hereinafter "Garcia" or the "Plaintiff"). For the reasons set forth below, Defendants' motion must be denied in its entirety.

Plaintiff filed a complaint against Defendants asserting claims of interference and retaliation in violation of the Family Medical Leave Act ("FMLA"), failure to provide a reasonable accommodation and retaliation under the Americans with Disabilities Act ("ADA"), as well as discrimination and retaliation in violation of the New York State Human Rights Law ("NYSHRL").

Defendants argue that the NYSHRL claim must be dismissed because Plaintiff neither lived nor worked in New York. However, accepting the allegations in the complaint as true, no such inference can be made. The complaint merely states that Plaintiff was employed by Lewis Tree, a New York employer, and *currently resides* in the State of Pennsylvania. Because the statute of limitations for a claim under the NYSHRL is three (3) years, and it is plausible that Plaintiff could have lived or worked in the State of New York during that period of time, this Court should find that the NYSHRL claim is sufficiently plead. To the extent this Court does not so find, leave should be granted to amend the complaint. In addition, Defendants argues that all claims against Gaston must be dismissed due to a lack of personal jurisdiction over him. This argument similarly fails. Accepting the allegations as true and giving the complaint every favorable inference, it follows that any adverse employment action against Plaintiff was made by his supervisor, who has a managerial role, and knew about his disability.

As such, Plaintiff's claims against Gaston are sufficiently pled by virtue of his supervisory role over Plaintiff and the necessary inference that Gaston played a role in that termination. Defendants attempt to escape this by submitting an affidavit which the Court may consider for purposes of whether personal jurisdiction exists over Gaston; however, Defendants cannot rely on this affidavit for the purpose of defeating the well-pled claims against Gaston under the FMLA.

Finally, Defendants argue that Plaintiff fails to state a claim under the FMLA or the ADA against Lewis Tree. They cleverly assert that because Plaintiff did not learn about his termination until July 2020 after going on leave in November 2019, his twelve (12) weeks of unpaid leave were long ago granted and the failure to inform Plaintiff of his rights was "harmless." This suggestion is laughable for two distinct reasons. First, the complaint alleges that Plaintiff's actual termination was months prior to July 2020, and conceivably during the twelve (12) week period Plaintiff took leave as a result. Plaintiff does not know when he was actually fired because, as the complaint alleges, Defendants' representative hung up on him and refused to answer the phone thereafter. Second, had Plaintiff received notice of his rights as required by statute, he would have known that he had only twelve (12) weeks of unpaid leave before being required to return to work. Accordingly, Defendants' reasoning to support the dismissal of an FMLA interference claim is fatally flawed.

Similarly, Defendants argue that Plaintiff never requested time off due to his disability despite the clear allegations in the Complaint stating that medical notes were provided to Defendants stating that Plaintiff needed time off as a result of his diagnosis. This was sufficient to place Defendants on notice of his need for leave, and served as a predicate for Defendants' responsibility to then engage in an interactive process with Plaintiff to provide an accommodation.

Accordingly, Defendants' motion must therefore be denied.

**LEGAL STANDARD**

Defendants purport to make this motion pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). The standards for each are therefore set out below.

An action should be dismissed pursuant to Rule 12(b)(1) where it is apparent that the court lacks subject matter jurisdiction to hear the case. See Fed. R. Civ. P. 12(b)(1); see also Thomas v. Metro. Correction Ctr., No. 09-CIV.-1769 (PGG), 2010 WL 2507041, at *1 (S.D.N.Y. June 21, 2010) ("A claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." (citation omitted)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). While, on a Rule 12(b)(1) motion, a court should accept all material factual allegations in the complaint as true, the court is "not to draw inferences from the complaint favorable to plaintiffs" on such a motion. See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).

Further, in reviewing a motion under Rule 12(b)(1), a court may consider evidence outside of the pleadings to resolve disputed factual issues relating to jurisdiction. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996) (citing Zappia Middle E. Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) ); see also Martinez v. Riverbay Corp., No. 16-CIV.-547 (KPF), 2016 WL 5818594, at *3 (S.D.N.Y. Oct. 4, 2016) ("where subject matter jurisdiction is contested, a district court is permitted to consider evidence outside the pleadings, such as affidavits and exhibits").

A complaint may be dismissed pursuant to Rule 12(b)(6) where it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted); accord Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). The issue is not whether the plaintiff will ultimately prevail, but whether his claim, as pleaded, is sufficient to afford her the opportunity to proceed on the evidence. See Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Although a court must normally confine its analysis of a 12(b)(6) motion to the facts alleged in the plaintiff's complaint, the court may take judicial notice of facts outside of the pleadings, provided that those facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Cox v. Perfect Bldg. Maint. Corp., No. 16-CIV.-7474 (VEC), 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017) (quoting Fed. R. Evid. 201(b)).

Under either standard, Defendant's motion must meet the same fate and be denied in its entirety.

**FACTS**

Plaintiff worked for Lewis Tree from 2009 through 2020. See Compl. ¶ 6. He was supervised by Gaston, who held a managerial role over Plaintiff. Id. at ¶ 11. On November 6, 2019, while Plaintiff was still employed by Defendants, he was diagnosed with cancer and required time off work to take care of his health. Id. at ¶ 15.

Plaintiff placed Lewis Tree and Gaston on notice of his disability and continued to update them as to the status of his ability to return to work. Id. at ¶¶ 26-28. Upon receiving permission

4

from his doctor to return to work on July 6, 2020, Plaintiff learned for the first time that he had already been terminated months ago. Id. at ¶¶ 29-32.

Lewis Tree never provided Plaintiff with notice of his rights to job-protected leave under the FMLA. Id. at ¶¶ 40-42. In fact, Plaintiff was unable to reach anyone at Lewis Tree to learn more about how he had been terminated. Id. at ¶¶ 33-39.

## ARGUMENT

### I.  PLAINTIFF'S NYSHRL CLAIM MUST SURVIVE

Accepting the allegations in the complaint as true, and giving every favorable inference therein, without accepting Defendants' evidence submitted outside of the pleadings, this Court must deny Defendants' motion to dismiss the NYSHRL claim.

Courts have held that nonresidents of the State of New York may pursue claims under the NYSHRL to the extent any discriminatory acts occurred while the Plaintiff was in the State of New York. See, e.g., Kraiem v JonesTrading Institutional Services LLC., 492 F. Supp. 3d 184 (S.D.N.Y. 2020) (holding that employee, who resided in London, could assert claims under the NYSHRL based on incidents of harassment and retaliation that occurred during work trip to New York City).

Crucially, in order to state a claim under the NYSHRL, "it is necessary to allege either that 'a discriminatory act was committed in New York or that a New York State resident was discriminated against.'" See Torrico v. Int'l Bus. Machs. Corp., 213 F. Supp. 2d 390, 407 (S.D.N.Y. 2002) (quoting Iwankow v. Mobil Corp., 541 N.Y.S.2d 428, 429 (1st Dept. 1989)).

Here, it is entirely plausible from a review of the complaint that a discriminatory act was committed in the State of New York.

5

While it is true that non-residents of New York state who bring NYSHRL claims must plead, and ultimately, prove, "that the alleged discriminatory conduct had an impact" in New York state (for NYSHRL claims),[1] in order to have an "impact" on the state of New York, a plaintiff must either live within the state of New York or New York City, or work there.[2] In this case, while the complaint does not specifically allege that Plaintiff worked within the State of New York, it is plausible – and a favorable inference can be made – that Plaintiff performed work in the State of New York because Defendants operate their business in the State of New York.

Indeed, as set forth above, courts have permitted non-residents of the State of New York to pursue NYSHRL claims where incidents of harassment, discrimination, and/or retaliation occurred while the employee was located within the State. Over the course of May 20, 2018 through May 20, 2021 – the relevant statute of limitations period in this case – it is entirely plausible that Plaintiff could have performed work within the State of New York based on the favorable inference this Court must afford to the allegations in the complaint. As such, Defendants' motion to dismiss the NYSHRL claims must be denied.

To the extent that this Court finds that the complaint is insufficient, Plaintiff must be afforded leave to amend the complaint.

## II. PLAINTIFF'S CLAIMS AGAINST GASTON MUST SURVIVE

Defendants claim that this Court does not have personal jurisdiction over Gaston.

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists." See Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir.2010). (internal quotation marks omitted).

---

[1] Hoffman v. Parade Publs., 933 N.E.2d 744, 744 (2010); see also Griffin v. Sirva, Inc., 76 N.E.3d 1063 (2017); Vangas v. Montefiore Med. Ctr., 823 F.3d 174, 182 (2d Cir. 2016).

[2] See Hoffman, 933 N.E.2d at 744; see also Griffin, 76 N.E.3d at 1063.

This *prima facie* showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." See Chloé v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks and brackets omitted). "In determining whether a plaintiff has met this burden, we will not draw argumentative inferences in the plaintiff's favor," Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (internal quotation marks omitted), nor must we "accept as true a legal conclusion couched as a factual allegation," Jazini v. Nissan Motor Co., 148 F.3d 181, 185 (2d Cir. 1998) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala, 989 F.2d 572, 580 (2d Cir.1993) ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." (internal quotation marks omitted)). Indeed, Plaintiff will be found to have met his or her burden even if the moving party makes contrary allegations that place in dispute the factual basis of plaintiff's *prima facie* case. See National Cathode Corp. v. Mexus Co., 855 F. Supp. 644, 646 (S.D.N.Y. 1994). Crucially, where an individual is alleged to have played a role in the conduct at issue, and is not the mere functionary who has no discretion to affect the corporate acts or policy alleged to be unlawful, courts have found that personal jurisdiction exists over such individuals. See Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc., 829 F. Supp. 62, 64 (S.D.N.Y. 1993); see also Camel Investments Ltd. v. Transocean Capital Ltd., 195 A.D.2d 533 (1993) ("It is well settled that a nonresident need not be physically present in New York State as a prerequisite to obtaining jurisdiction over the nonresident ...")

Here, as set forth above in Point I, even if Gaston never spent a day in New York, the discriminatory and retaliatory actions he took may nonetheless subject him to this Court's personal jurisdiction given his role as a supervisor of Plaintiff with a managerial role. See <u>Pilates, Inc. v Pilates Inst., Inc.</u>, 891 F. Supp. 175, 181 (S.D.N.Y. 1995) (holding that a defendant's physical presence is not an essential ingredient for jurisdiction under New York Civil Practice Law & Rules ("CPLR") 302(a)(2)).

### III. PLAINTIFF PROPERLY PLED HIS FMLA & ADA CLAIMS

Defendants argue that the FMLA and ADA claims must be dismissed for failure to state a claim. For the reasons set forth below, Defendants' motion must be denied.

#### i. FMLA

Defendants argue that their alleged failure to provide notice to Plaintiff of his rights to leave under the FMLA as harmless because he had taken leave for more than twelve weeks, since he went on leave in November 2019 and only sought to return to work in July 2020.

However, as set forth in the complaint, it is entirely unclear just when Defendants fired Plaintiff. As alleged in the pleadings, when Plaintiff first learned of his termination, he was told that he was terminated *months* ago – when he pressed for more information, Defendants ceased all communications with him. Based on the foregoing, there is a plausible basis to find that Plaintiff's rights under the FMLA were violated during the twelve (12) week period following the first date he took leave. Indeed, Plaintiff alleges in the complaint that he notified Defendants of his need for leave on November 6, 2019. Assuming he was entitled to twelve (12) weeks of leave from that date, he would have been required to return to work on January 29, 2020. Given that he was terminated *months* ago, *not long after he requested leave*, it is entirely plausible – giving the benefit of every favorable inference – that Plaintiff was terminated while he was on job-protected leave.

8

Further, the authority cited by Defendants in support of this position are inapposite. In Daly, the plaintiff requested leave which was specifically granted. Here, the Plaintiff never even received notice of his rights to leave under the FMLA.

Accordingly, the FMLA interference claim must survive.

The retaliation claim must survive for the same reason. While Defendants assert that there was a seven (7) month period between the date Plaintiff took leave and was terminated, the allegations in the complaint readily evince the truth that Defendants terminated Plaintiff *months* prior to the date Plaintiff learned of his termination, shortly after he gave notice of his need to take job-protected leave. See Lambert v. Trump Int'l Hotel & Tower, 304 F. Supp. 3d 405, 423 (S.D.N.Y. 2018) (holding that three to four months is the outer limit of temporal proximity that will give rise to an inference of retaliation) (collecting cases). Because it is entirely plausible that Plaintiff was terminated three to four (4) months, which is *months* prior to the date Plaintiff learned of his termination, the retaliation claim falls within the realm of actionable temporal proximity.

Accordingly, the FMLA retaliation claim must survive.

ii.     ADA

Defendants challenge Plaintiff's ADA claim on the grounds that he never requested an accommodation. This argument must be rejected. The complaint adequately pleads that Defendants were immediately put on notice of Plaintiff's disability because he informed them about his diagnosis by phone the very same day he learned of his diagnosis. Crucially, the complaint alleges that Plaintiff forwarded documentation following his doctor's visits on November 21, 2019, December 26, 2019, January 21, 2020, and every other week thereafter until June 6, 2020. These notes informed Defendants about Plaintiff's chemotherapy treatments and provided updates to them about the date Plaintiff was able to return to work.

Based on the foregoing facts, the Defendants had sufficient information to know of both Plaintiff's disability and a desire for an accommodation. Indeed, the question of whether an employer has adequate notice of an employee's claimed disability does not turn on the form in which the notice was given (i.e., oral or written), or on whether the notice was given to the employer's HR department (as opposed to the employee's supervisors), or on whether the notice was accompanied by medical support, nor does it ride on whether the Plaintiff specifically requested an accommodation, as Defendants assert. See Kurlender v. Ironside Grp., Inc., No. 18-CV-3839 (JFB) (AYS), 2019 WL 1317405, at *3 (E.D.N.Y. Mar. 22, 2019) ("What matters under the ADA are not formalisms about the manner of the request, but whether the employee or a representative for the employee provides the employer with enough information that, under the circumstances, the employer can be fairly said to know of both the disability and desire for an accommodation") (citation omitted)).

In this case, because Plaintiff routinely and unquestionably sent documentation to Defendants concerning his treatment for cancer, which provided information about when he could return to work, Defendants were sufficiently on notice of Plaintiff's request for a reasonable accommodation; no talismanic ritual nor song and dance is necessary.

Accordingly, Plaintiff's ADA discrimination claim must survive.

Similarly, Plaintiff's ADA retaliation claim must also survive. In an effort to defeat same, Defendants argue that Plaintiff fails to satisfy the required 'but-for' causation standard to state a claim upon which relief can be granted under the retaliation provisions of the ADA. However, the facts pled in the complaint sufficiently show this. Plaintiff was employed by Defendants for over a decade. He took time off due to his cancer diagnosis and treatment. Within months, he learns he has been terminated despite the fact he requested leave for a qualifying reason.

Indeed, requests under the FMLA are often coextensive with requests under the ADA. See Rodriguez v. Atria Sr. Living Grp., Inc., 887 F. Supp. 2d 503, 512 (S.D.N.Y. 2012) (agreeing with plaintiff that he "engaged in an ADA-protected activity by 'request[ing] an extension of his [Second FMLA Leave]'"). As such, the complaint adequately pleads that Plaintiff's request for leave was the but-for reason for his termination and the retaliation claim must survive.

## VI.  IN THE EVENT OF DISMISSAL, LEAVE TO REPLEAD MUST BE GRANTED

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." See Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Here, in the event Plaintiff's claims are dismissed (which they should not be), Plaintiff respectfully requests leave to amend the complaint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted.

Dated:  Forest Hills, New York
        October 15, 2021                **SHALOM LAW, PLLC**
                                        By:  */s/Jonathan Shalom*
                                        Jonathan Shalom, Esq.
                                        10513 Metropolitan Avenue
                                        Forest Hills, NY 11375-6737
                                        (718) 971-9474 (office)
                                        Jonathan@Shalomlawny.com

                                        *Attorneys for Plaintiff*