UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDDIE GARCIA,

                            Plaintiff,

            vs.

LEWIS TREE SERVICE, INC. and
ROBERT GASTON,

                            Defendants.

Civil Action No.:
1:21-cv-06393-EAW

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    POINT I    PLAINTIFF'S NYSHRL CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF NEITHER LIVED NOR WORKED IN NEW YORK ................. 2

    POINT II    ALL CLAIMS AGAINST GASTON MUST BE DISMISSED ........................ 4

        A.    This Court Lacks Personal Jurisdiction Over Gaston ......................................... 4

        B.    Plaintiff Abandoned His ADA And FMLA Claims Against Gaston ................. 5

    POINT III    PLAINTIFF FAILED TO STATE AN FMLA CLAIM AGAINST LEWIS TREE ................................................................................................................ 6

        A.    Plaintiff's FMLA Interference Claim Fails As A Matter Of Law ...................... 6

        B.    Plaintiff's FMLA Retaliation Claim Fails As A Matter Of Law ....................... 8

    POINT IV    PLAINTIFF FAILED TO STATE AN ADA CLAIM AGAINST LEWIS TREE ................................................................................................................ 9

        A.    Plaintiff's ADA Retaliation Claim Fails As A Matter Of Law ......................... 9

        B.    Plaintiff's ADA Failure To Accommodate Claim Fails As A Matter Of Law .................................................................................................................... 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexander v. Bd. of Educ. of City Sch. Dist. of City of New York*,
   107 F. Supp. 3d 323 (S.D.N.Y. 2015) .................................................................................... 8

*Bailey v. Mount Vernon City Sch. Dist.*,
   2020 WL 1528481 (S.D.N.Y. Mar. 30, 2020) ........................................................................ 9

*Bronx Chrysler Plymouth, Inc. v. Chrysler Corp.*,
   212 F. Supp. 2d 233 (S.D.N.Y. 2002) .................................................................................... 6

*Chloe v. Queen Bee of Beverly Hills, LLC*,
   616 F.3d 158 (2d Cir. 2010) ................................................................................................... 4

*Collins v. Goord*,
   581 F. Supp. 2d 563 (S.D.N.Y. 2008) .................................................................................... 6

*D'Alessio v. Charter Commc'ns, LLC*,
   2020 WL 5638721 (E.D.N.Y. Sept. 21, 2020) ....................................................................... 9

*Daly v. Westchester Cty. Bd. of Legislators*,
   2021 WL 229672 (S.D.N.Y. Jan. 22, 2021) ....................................................................... 6, 8

*Donnellan v. New York City Transit Auth.*,
   1999 WL 527901 (S.D.N.Y. July 22, 1999) .......................................................................... 7

*Emmons v. City Univ. of New York*,
   715 F. Supp. 2d 394 (E.D.N.Y. 2010) .................................................................................... 7

*Gomez v. New York City Police Dep't*,
   191 F. Supp. 3d 293 (S.D.N.Y. 2016) .................................................................................... 6

*Graham v. Macy's, Inc.*,
   2016 WL 354897 (S.D.N.Y. Jan. 28, 2016) ........................................................................... 8

*Graziadio v. Culinary Inst. of Am.*,
   817 F.3d 415 (2d Cir. 2016) ................................................................................................... 5

*Hoffman v. Parade Publications*,
   15 N.Y.3d 285, 933 N.E.2d 744 (2010) ................................................................................. 2

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) ................................................................................................... 3

*J.S. ex rel. N.S. v. Attica Cent. Sch.*,
   386 F.3d 107 (2d Cir. 2004) ................................................................................................... 3

*Natofsky v. City of New York*,
    921 F.3d 337 (2d Cir. 2019) ................................................................................................ 9

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
    609 F.3d 30 (2d Cir. 2010) .................................................................................................. 4

*Robinson v. Overseas Military Sales Corp.*,
    21 F.3d 502 (2d Cir. 1994) .................................................................................................. 4

*Towner v. Town of Cohocton*,
    2021 WL 1966799 (W.D.N.Y. May 17, 2021) ................................................................... 6

*Wiley v. Plattsburgh*,
    407 F. Supp. 3d 119 (N.D.N.Y. 2019) ................................................................................. 9

## PRELIMINARY STATEMENT

Defendants Lewis Tree Service, Inc. ("Lewis Tree") and Robert Gaston ("Gaston") submit this reply memorandum of law in further support of their motion to dismiss Plaintiff Eddie Garcia's Complaint [Dkt. 1] pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (6). As set forth more fully below, none of the arguments Plaintiff now makes in opposition save any of his claims.

Plaintiff's NYHRL claim fails because Plaintiff never alleges and has not established that he ever worked in New York. He instead asks this Court to infer that he *might* have worked in New York simply because he never alleges otherwise. But because this question involves the Court's subject matter jurisdiction over the NYHRL claim, Plaintiff is not entitled to any such favorable inference. Plaintiff carries the burden of establishing jurisdiction, which he clearly has not done.

All claims asserted against Gaston individually must be dismissed. This Court lacks jurisdiction over him. The unrebutted testimony in Gaston's affidavit establishes that he has no contacts with New York. Despite Plaintiff's acknowledged burden to establish jurisdiction, he offers nothing in opposition, and instead makes speculative arguments that do not even address New York's long-arm statute. Further, even if, *arguendo*, this Court has jurisdiction, Plaintiff does not even attempt to oppose Defendants' arguments that there is no individual liability under ADA and that Plaintiff has failed to allege that Gaston was an "employer," as required for FMLA liability. Plaintiff has thus abandoned his ADA and FMLA claims against Gaston, providing this Court with an additional reason for dismissal of those claims.

Finally, Plaintiff's FMLA and ADA claims against Lewis Tree fail to meet minimal pleading standards. As to his FMLA interference claim, it fails because, on the face of the Complaint, any failure to provide notice to Plaintiff was harmless and Plaintiff was not able to return to work at the end of his 12-week leave. Plaintiff's FMLA retaliation claim likewise fails because Plaintiff makes only speculative allegations about temporal proximity, thereby falling short of pleading standards on

the causation element.  As to Plaintiff's ADA claims, his ADA retaliation claim similarly fails because he does not plausibly allege "but for" causation, as required in the Second Circuit, and instead invokes the false syllogism that has been repeatedly held insufficient.  And, notwithstanding Plaintiff's arguments in opposition, the Complaint Plaintiff's ADA failure to accommodate claim still fails to allege what accommodation was requested, or that he never received one.

## ARGUMENT

**POINT I       PLAINTIFF'S NYSHRL CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF NEITHER LIVED NOR WORKED IN NEW YORK**

As demonstrated in Defendants' opening brief, Plaintiff's claims under the NYSHRL must be dismissed because Plaintiff failed to allege that he neither lived nor worked in New York.  Now, in opposition, Plaintiff acknowledges that in order to plead his claim under NYHRL, he must allege that he either lived or worked in New York.  *See* Plaintiff's Memorandum in Opposition [Dkt. 17] ("Opp.") at 6 (citing *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 292, 933 N.E.2d 744 (2010)).

Yet, despite the clear requirement that Plaintiff must have either lived or worked in New York to have any potential claim under the NYSHRL, Plaintiff admits that he is not a New York resident (Complaint ¶ 5; Opp. at 5-7), and the Complaint avoids making any direct allegation about where he actually worked.  He now attempts to turn his pleading deficiency and manufactured ambiguity to his advantage by arguing that this Court should not dismiss the NYHRL claim because it is "plausible … that Plaintiff performed work in the State of New York because Defendants operate their business in the State of New York."  (Opp. at 6).  Plaintiff's disingenuous argument must be rejected.

The question of whether the alleged discriminatory conduct had an "impact" in New York—the basis for the requirement that Plaintiff allege he either lived or worked here—goes to whether this Court has subject matter jurisdiction over the claim.  *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 292 (2010) ("Supreme Court properly dismissed Hoffman's age discrimination claims for want of subject matter jurisdiction" where plaintiff neither resided in nor was employed in New York).

Because this is an inquiry into the Court's subject matter jurisdiction, Plaintiff has the burden of establishing jurisdiction and is <u>not</u> entitled to favorable inferences. *See*, *e.g.*, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists"); *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) ("we must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiffs [in determining whether the Court has subject matter jurisdiction]").

Here, Plaintiff has done nothing to even attempt to meet his burden to establish subject matter jurisdiction. To the contrary, he has dutifully avoided making any affirmative assertions about where he performed work. He nevertheless argues in opposition that it is "plausible" that he worked in New York because Lewis Tree is headquartered there, and that the Court should grant him that favorable inference. (Opp. at 6). But Plaintiff's argument is fatally flawed, as it completely ignores the legal standards cited above—even though Plaintiff's own brief cites such authority for the same proposition. Simply put, Plaintiff has the burden of establishing jurisdiction, he has failed to meet that burden, and such failure cannot be remedied by the benefit of a favorable inference being drawn by this Court. The Court should dismiss the NYHRL claim on this basis alone.

Moreover, this Court can consider the Gaston Affidavit [Dkt. 12] on this question of subject matter jurisdiction. *See*, *Marakova*, 201 F.3d at 113 ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court… may refer to evidence outside the pleadings"). In his affidavit, Gaston testified that all of the employees he supervises, including Plaintiff, perform their work exclusively in Pennsylvania, and that no Lewis Tree employee has ever performed work in New York under his supervision. (Gaston Aff. ¶ 4). Plaintiff has not submitted any affidavit or other proof in opposition to contest these facts. Plaintiff also admits I the Complaint that Gaston "held a supervisory or managerial role over the Plaintiff." (Complaint ¶ 11). This

3

unrebutted record therefore establishes that *Plaintiff, as one of the employees under Gaston's supervision, worked exclusively in Pennsylvania and has never worked in New York.*

Because this Court does not have subject matter jurisdiction over Plaintiff's NYHRL claim, such claim must be dismissed.

**POINT II     ALL CLAIMS AGAINST GASTON MUST BE DISMISSED**

A.     This Court Lacks Personal Jurisdiction Over Gaston

Plaintiff's opposition memorandum correctly quotes three critical points that have determinative impact as applied in this case:

> **(1)**     "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists." (Opp. at 6 *quoting Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010)).
>
> **(2)**     "This *prima facie* showing 'must include an averment of facts that … would suffice to establish jurisdiction over the defendant." (Opp. at 7 *quoting Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)).
>
> **(3)**     "In determining whether a plaintiff has met this burden, [the Court] will not draw argumentative inferences in Plaintiff's favor, *"Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

But Plaintiff has ignored these points and instead has only asserted a conclusory argument that jurisdiction has been established based on the fact that Gaston was Plaintiff's supervisor. (Opp. at 7).

Plaintiff's only allegation is that Gaston "held a supervisory or managerial role over the Plaintiff." (Complaint ¶ 11). He never alleges that Gaston had any connection with New York, and has not submitted any affidavit or any other evidence to support his assertion of personal jurisdiction as to Gaston. The Gaston Affidavit, by contrast, clearly establishes: (i) that Gaston never performed any work on behalf of Lewis Tree in New York; (ii) that all of the employees under his supervision, including Plaintiff, perform their work exclusively in Pennsylvania; and (iii) that no Lewis Tree employee under Gaston's supervision, including Plaintiff, has ever performed work in New York. (Gaston Aff. ¶ 4). Gaston also attested that he does not travel to New York for personal reasons,

transact or solicit business in New York, or derive revenue from interstate commerce. (Gaston Aff. ¶¶ 5-7). Gaston also had no involvement with Plaintiff's requests for leave or his termination, i.e. the alleged discriminatory acts at issue in this litigation. (Gaston Aff. ¶¶ 8-10). Plaintiff's argument that Gaston nonetheless "may" be subject to New York's jurisdiction due to his "role as a supervisor of Plaintiff with a managerial role" (Opp. at 8), is entirely unavailing, as Plaintiff still does not even allege that he ever worked in New York or that Gaston ever once supervised him there.

In short, Gaston has submitted competent evidence that he had no contacts with New York that would subject him to jurisdiction under New York's long-arm statute. Plaintiff has submitted no evidence or even made an unsworn allegation to contradict that fact. Plaintiff clearly fails to make a *prima facie* showing of jurisdiction as was his burden under the authority cited above and acknowledged by Plaintiff. Plaintiff makes no attempt to engage with the various provisions of New York's long-arm statute, CPLR 302(a), and he does not even argue that his lone, entirely speculative allegation about Gaston's potential contacts with New York, even if true, would be sufficient subject him to personal jurisdiction under any of the law's three subsections.

The unrebutted record demonstrates that Gaston has no meaningful contact with New York whatsoever. This Court therefore lacks personal jurisdiction over Gaston and all claims asserted against him must be dismissed.

B.  Plaintiff Abandoned His ADA And FMLA Claims Against Gaston

In their moving papers, Defendants argued that even if this Court has personal jurisdiction over Gaston, to the extent that Plaintiff asserts individual claims against him under FMLA and ADA, those must be dismissed under Rule 12(b)(6). Plaintiff does not oppose either of these arguments.

With respect to the FMLA, Defendants argued that the Complaint fails to allege that Gaston meets the Second Circuit's standard for an individual to qualify as an "employer" under FMLA—that Gaston "controlled in whole or in part plaintiff's rights under the FMLA." *Graziadio v. Culinary*

5

*Inst. of Am.*, 817 F.3d 415, 422-23 (2d Cir. 2016). The Complaint never alleges that Gaston had any involvement with his FMLA rights, let alone facts to infer that he "controlled" them. In opposition, Plaintiff has failed to even attempt any argument otherwise.

With respect to the ADA, Plaintiff does not contest, nor could he, that there is no individual liability under that statute. *See, e.g., Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 302–03 (S.D.N.Y. 2016).

Accordingly, not only must Plaintiff's FMLA and ADA claims be dismissed against Gaston as previously set forth by Defendants, but Plaintiff's failure to respond to these arguments in opposition provides this Court with an additional reason for dismissal—such claims have been abandoned. *See, e.g.*, *Towner v. Town of Cohocton*, 2021 WL 1966799, *8 (W.D.N.Y. May 17, 2021) ("the Court finds that Plaintiff has abandoned several of his claims by failing to dispute the movants' arguments. In that regard, '[a] district court may, and generally will, deem a claim abandoned when a plaintiff [represented by counsel] fails to respond to a defendant's arguments that the claim should be dismissed.'") (citing Jennings v. Hunt Companies, Inc., 367 F. Supp. 3d 66, 69 (S.D.N.Y. 2019)). *Collins v. Goord*, 581 F. Supp. 2d 563, 579 (S.D.N.Y. 2008) (dismissing claim as abandoned where claim not mentioned or argued by plaintiff in opposition to motion); *Bronx Chrysler Plymouth, Inc. v. Chrysler Corp.*, 212 F. Supp. 2d 233, 249 (S.D.N.Y. 2002) (dismissing claim as abandoned where plaintiff did not provide any argument of claim in opposition to dispositive motion).

**POINT III     PLAINTIFF FAILED TO STATE AN FMLA CLAIM AGAINST LEWIS TREE**

A.     Plaintiff's FMLA Interference Claim Fails As A Matter Of Law

As Defendants argued in their moving papers, Plaintiff's FMLA interference claim against Lewis Tree must be dismissed because the alleged interference—*i.e.*, Lewis Tree allegedly not providing him with notice of his FMLA rights (Complaint at 8-9 ¶¶ 57-59)—was harmless. *See* Defendants' Memo. of Law [Dkt. 13] ("D. Mem.") at 18 (*citing Daly v. Westchester Cty. Bd. of*

6

*Legislators*, 2021 WL 229672, *12 (S.D.N.Y. Jan. 22, 2021); *Emmons v. City Univ. of New York*, 715 F. Supp. 2d 394, 418 (E.D.N.Y. 2010)).  Indeed, even assuming, *arguendo*, that Plaintiff's allegation is true, such failure was entirely harmless because, as Plaintiff concedes, he actually did "exercise[] his FMLA rights by taking FMLA leave from his job." (Complaint at pg. 9 ¶ 52).[1]  Plaintiff's claim, as it is actually pleaded in the Complaint, should therefore be dismissed.

Now, in opposition, Plaintiff argues that his FMLA interference claim is based on the speculative theory that Plaintiff *may* have actually been terminated during his 12-weeks of FMLA leave, and therefore he *may* not have received his full FMLA benefit, because he simply does not know exactly when he was terminated.[2]  (Opp. at 8-9).  But this argument is severely lacking, as it involves an entirely speculative assertion that fails to meet pleading standards for plausibility.  It also completely ignores Defendants' argument that because Plaintiff was admittedly not able to return to work at the end of his 12-week FMLA leave—and Plaintiff does, in fact, admit he was not able to return to work until July 2020, more than five months after the expiration of the 12-week leave (Complaint ¶ 29)—his FMLA interference claim must be dismissed. *See*, e.g., *Donnellan v. New York City Transit Auth.*, 1999 WL 527901, *5 (S.D.N.Y. July 22, 1999) ("[P]laintiff also fails to state a claim for interference with her right to be restored to her position. This right only obtains where the plaintiff is able to return to her position at the conclusion of her FMLA leave period.").  Plaintiff did not respond to this argument, nor could he, given his admission that he could not work for months following his FMLA leave.  Accordingly, even if it was true that Plaintiff was terminated during his

---

[1] On Page 9 of the Complaint, the section under the heading "Count One" ends with Paragraph 61, but then the next paragraph (the first paragraph under "Count Two") does not continue in sequential numbering and instead reverts back to "Paragraph 51." Paragraphs 51 through 61 therefore appear twice in the Complaint, once under Count One and once under Count Two. To avoid confusion, this memorandum refers to both the page and paragraph number when citing to Paragraphs "51-61".

[2] Plaintiff was not actually terminated until May 22, 2020, nearly four months after the completion of his 12-week FMLA leave. Gaston Aff. ¶ 10.

7

12-week FMLA leave, an FMLA interference claim based on the termination (as opposed to failure of notice, which was harmless) must fail because he admittedly was not able to return to work at the time his 12-weeks of FMLA leave would have ended.

Plaintiff's FMLA interference claim must be dismissed.

B.  Plaintiff's FMLA Retaliation Claim Fails As A Matter Of Law

In their moving papers, Defendants argued that Plaintiff fails to allege the requisite causation element of his FMLA retaliation claim because the only alleged causal link, temporal proximity, is not pleaded with any specificity. In response, Plaintiff again offers a completely speculative argument that he *may* have been terminated within *three or four months* of his request for leave. (Opp. at 9). However, even in making this argument, Plaintiff has effectively conceded Defendants' point. Plaintiff does not argue that the termination could have occurred within *two* months of the request for leave, which, as Defendants argued in their moving papers, has been held to be the outer limit of temporal proximity for establishing causation in this Circuit. *See, e.g., Daly v. Westchester Cty. Bd. of Legislators*, 2021 WL 229672, *12 (S.D.N.Y. Jan. 22, 2021) ("Because the events were more than two months apart, [plaintiff] could not rely solely on the events' temporal proximity to plead causation."); *Graham v. Macy's, Inc*., 2016 WL 354897, *9 (S.D.N.Y. Jan. 28, 2016) ("courts in this Circuit generally hold that a gap longer than two months severs the inferred causal relationship"); *Alexander v. Bd. of Educ. of City Sch. Dist. of City of New York*, 107 F. Supp. 3d 323, 329 (S.D.N.Y. 2015) (noting that "the passage of more than two months has been viewed as beyond ... any retaliatory nexus"). In light of this established precedent, Plaintiff's speculation that he may have been terminated within three or four months of making his FMLA leave request, is simply insufficient to plausibly allege the required causal link between his protected activity and his termination.

Plaintiff's FMLA retaliation claim must be dismissed.

**POINT IV     PLAINTIFF FAILED TO STATE AN ADA CLAIM AGAINST LEWIS TREE**

A.     Plaintiff's ADA Retaliation Claim Fails As A Matter Of Law

In their moving papers, Defendants argued that Plaintiff failed to plausibly allege that his protected activity was the "but for" cause of his termination, as required under Second Circuit precedent. (*See* D. Mem. at 22 (citing *Natofsky v. City of New York*, 921 F.3d 337, 347 (2d Cir. 2019); *D'Alessio v. Charter Commc'ns, LLC*, 2020 WL 5638721, *6 (E.D.N.Y. Sept. 21, 2020); *Bailey v. Mount Vernon City Sch. Dist.*, 2020 WL 1528481, *12 (S.D.N.Y. Mar. 30, 2020)).

In opposition, Plaintiff does not contest that this is the standard. He instead argues that he has sufficiently alleged "but for" causation by alleging: (i) he was employed by Lewis Tree for over a decade; (ii) he took time off for cancer treatment; and (3) he was terminated within months of taking this time off. (Opp. at 10).

Plaintiff's argument is a classic example of the sort of "false syllogism" that Courts routinely find insufficient to state a claim under anti-discrimination laws. *See, e.g.*, *Wiley v. Plattsburgh*, 407 F. Supp. 3d 119, 129 (N.D.N.Y. 2019) ("In sum, [plaintiff's] discrimination claims boil down to a classic false syllogism that fails to support an inference of discrimination: "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me ...; therefore the bad thing happened because I am (fill in the protected class)"). Plaintiff presents exactly the same kind of argument—*i.e.*, that because he has worked for Lewis Tree for a long time, requested leave, and was later terminated, the leave request was the cause of the termination. Plaintiff alleges no other facts that would even make this allegation more likely than not, let alone facts that plausibly allege that it was the "but for" cause of his termination.

Plaintiff's ADA retaliation claim must be dismissed.

B.     Plaintiff's ADA Failure to Accommodate Claim Fails As A Matter Of Law

While Plaintiff may be correct that "no talismanic ritual nor song and dance is necessary" to

9

request an accommodation (Opp. at 10), well-established law still requires that Plaintiff plausibly allege that he requested and was denied an accommodation by Lewis Tree. From the face of the Complaint and Plaintiff's opposition, it is still entirely unclear what accommodation was actually requested by Plaintiff and that whatever accommodation was requested was actually denied. Plaintiff argues that he requested an accommodation by allegedly forwarding doctor's notes to Lewis Tree every other week from January until June, 2020 (Opp. at 9), but Plaintiff makes no allegation about what was in these notes, whether any of the notes related to an accommodation or what if any accommodation might have been requested or referred to in those notes. Lewis Tree cannot reasonably respond to these vague allegations; Plaintiff has therefore failed to meet basic pleading standards on this claim.

Plaintiff's ADA failure to accommodate claim must be dismissed.

## CONCLUSION

For all of the reasons herein and in Defendants' opening motion papers, Defendants respectfully request that this Court issue an Order granting their motion and dismissing the Complaint in its entirety pursuant to Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure.

Dated: November 5, 2021

Respectfully submitted,

BOND, SCHOENECK & KING PLLC

By: _____
Jessica C. Moller, Esq.
1010 Franklin Avenue, Suite 200
Garden City, NY 11530
(516) 267-6332 / jmoller@bsk.com

Peter H. Wiltenburg, Esq.
Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202
(716) 416-7000 / pwiltenburg@bsk.com

*Attorneys for Defendants*

10