UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EDDIE GARCIA,

                Plaintiff,

        – against –

LEWIS TREE SERVICE, INC. and ROBERT GASTON,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER**

21-CV-06393 (EAW)

      Defendant Lewis Tree Service, Inc. ("Lewis Tree"), by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby appears and answers the Complaint (ECF Document No. 1) as follows:

      1.     DENIES the truth of the allegations set forth in Paragraph 1 of the Complaint except ADMITS Lewis Tree is Plaintiff's former employer, affirmatively asserts that all claims asserted against Robert Gaston were dismissed by Hon. Elizabeth A. Wolford in the Decision and Order dated March 10, 2022 (ECF Doc. No. 21) ("Decision & Order"), and respectfully refers the Court to the Complaint as limited by the Decision & Order for its full content, meaning and import.

      2.     DENIES the truth of the allegations set forth in Paragraph 2 of the Complaint, and affirmatively asserts that except for Plaintiff's claim for alleged denial of reasonable accommodation under the Americans with Disabilities Act ("ADA") all of Plaintiff's claims against Lewis Tree were dismissed by the Decision & Order.

      3.     DENIES the truth of the allegations set forth in Paragraph 3 of the Complaint, and affirmatively asserts that all of Plaintiff's retaliation claims against Lewis Tree were dismissed by the Decision & Order.

4.      DENIES the truth of the allegations set forth in Paragraph 4 of the Complaint, and respectfully refers the Court to the Complaint as limited by the Decision & Order for its full content, meaning and import.

5.      DENIES the allegation set forth in Paragraph 5 of the Complaint that Plaintiff resides in Berks County, and upon information and belief ADMITS that Plaintiff is a resident of the Commonwealth of Pennsylvania and currently resides in Bucks County.

6.      DENIES the allegations set forth in Paragraph 6 of the Complaint except ADMITS Plaintiff was employed by Lewis Tree from November 2010 to May 22, 2020, affirmatively asserts that except for Plaintiff's claim for alleged denial of reasonable accommodation under the ADA all of Plaintiff's claims against Lewis Tree were dismissed by the Decision & Order, and respectfully refers all questions of law to the Court.

7.      ADMITS the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.      ADMITS the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      DENIES the truth of the allegations set forth in Paragraph 9 of the Complaint, affirmatively asserts that except for Plaintiff's claim for alleged denial of reasonable accommodation under the ADA all of Plaintiff's claims against Lewis Tree were dismissed by the Decision & Order, and respectfully refers all questions of law to the Court.

10.     ADMITS the truth of the allegations set forth in Paragraph 10 of the Complaint, and affirmatively asserts that all claims asserted against Mr. Gaston were dismissed by the Decision & Order.

11.     ADMITS the truth of the allegations set forth in Paragraph 11 of the Complaint, and affirmatively asserts that all claims asserted against Mr. Gaston were dismissed by the Decision & Order.

12. DENIES the truth of the allegations set forth in Paragraph 12 of the Complaint, affirmatively asserts that except for Plaintiff's claim for alleged denial of reasonable accommodation under the ADA all of Plaintiff's claims against Lewis Tree were dismissed by the Decision & Order, and respectfully refers all questions of law to the Court.

13. DENIES the truth of the allegations set forth in Paragraph 13 of the Complaint, and affirmatively asserts that all of Plaintiff's claims under the New York State Human Rights Law ("NYSHRL") were dismissed by the Decision & Order.

14. DENIES the truth of the allegations set forth in Paragraph 14 of the Complaint, and respectfully refers all questions of law to the Court.

15. DENIES the truth of the allegations set forth in Paragraph 15 of the Complaint except LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the specific date Plaintiff was diagnosed with cancer and ADMITS that Plaintiff informed Lewis Tree that he was diagnosed with colon cancer in or about early November 2019.

16. DENIES the truth of the allegations set forth in Paragraph 16 of the Complaint, affirmatively assert that Plaintiff's claims for alleged unlawful termination and all of Plaintiff's claims under the Family and Medical Leave Act ("FMLA") were dismissed by the Decision & Order.

17. DENIES the truth of the allegations set forth in Paragraph 17 of the Complaint, and respectfully refers all questions of law to the Court.

18. With respect to the allegations set forth in Paragraph 18 of the Complaint, ADMITS that Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") in or about November 2020 and DENIES the truth of the allegations set forth in Plaintiff's EEOC complaint.

3

19.     Upon information and belief, ADMITS the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     DENIES the truth of the allegations set forth in Paragraph 20 of the Complaint and respectfully refers all questions of law to the Court.

21.     DENIES the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     DENIES the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     With respect to the allegations set forth in Paragraph 23 of the Complaint, LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the specific date Plaintiff was diagnosed and ADMITS that Plaintiff informed Lewis Tree that he was diagnosed with colon cancer in or about early November 2019.

24.     DENIES the truth of the allegations set forth in Paragraph 24 of the Complaint except ADMITS that Plaintiff informed Lewis Tree that he was diagnosed with colon cancer in or about early November 2019, and respectfully refers all questions of law to the Court.

25.     LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint, and respectfully refers all questions of law to the Court.

26.     DENIES the truth of the allegations set forth in Paragraph 26 of the Complaint except ADMITS that Plaintiff informed Lewis Tree that he was diagnosed with colon cancer in or about early November 2019.

27.     DENIES the truth of the allegations set forth in Paragraph 27 of the Complaint.

28.     DENIES the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.     LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of the Complaint.

30.   DENIES the truth of the allegations set forth in Paragraph 30 of the Complaint except ADMITS that Plaintiff's employment was terminated on May 22, 2020.

31.   DENIES the truth of the allegations set forth in Paragraph 31 of the Complaint except ADMITS that after Plaintiff's employment was terminated he called Lewis Tree.

32.   DENIES the truth of the allegations set forth in Paragraph 32 of the Complaint except ADMITS that after Plaintiff's employment was terminated he spoke on the telephone with Jeneshia Laporte.

33.   DENIES the truth of the allegations set forth in Paragraph 33 of the Complaint except ADMITS that after Plaintiff's employment was terminated he spoke on the telephone with Jeneshia Laporte.

34.   DENIES the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.   DENIES the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.   DENIES the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.   DENIES the truth of the allegations set forth in Paragraph 37 of the Complaint.

38.   DENIES the truth of the allegations set forth in Paragraph 38 of the Complaint.

39.   DENIES the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.   DENIES the truth of the allegations set forth in Paragraph 40 of the Complaint, affirmatively asserts that all of Plaintiff's claims under the FMLA were dismissed in the Decision & Order, and respectfully refers all questions of law to the Court.

41.   DENIES the truth of the allegations set forth in Paragraph 41 of the Complaint, and affirmatively asserts that all of Plaintiff's claims under the FMLA were dismissed in the Decision & Order.

42.   DENIES the truth of the allegations Set forth in Paragraph 42 of the Complaint.

43.    DENIES the truth of the allegations set forth in Paragraph 43 of the Complaint, affirmatively asserts that except for Plaintiff's claim for alleged denial of reasonable accommodation under the ADA all of Plaintiff's claims against Lewis Tree were dismissed by the Decision & Order, and respectfully refers all questions of law to the Court.

44.    DENIES the truth of the allegations set forth in Paragraph 44 of the Complaint.

45.    DENIES the truth of the allegations set forth in Paragraph 45 of the Complaint, and affirmatively asserts that except for Plaintiff's claim for alleged denial of reasonable accommodation under the ADA all of Plaintiff's claims against Lewis Tree were dismissed by the Decision & Order.

46.    DENIES the truth of the allegations set forth in Paragraph 46 of the Complaint.

47.    DENIES the truth of the allegations set forth in Paragraph 47 of the Complaint, and affirmatively asserts that except for Plaintiff's claim for alleged denial of reasonable accommodation under the ADA all of Plaintiff's claims against Lewis Tree were dismissed by the Decision & Order.

48.    DENIES the truth of the allegations set forth in Paragraph 48 of the Complaint, and affirmatively asserts that except for Plaintiff's claim for alleged denial of reasonable accommodation under the ADA all of Plaintiff's claims against Lewis Tree were dismissed by the Decision & Order.

49.    DENIES the truth of the allegations set forth in Paragraph 49 of the Complaint, and affirmatively asserts that except for Plaintiff's claim for alleged denial of reasonable accommodation under the ADA all of Plaintiff's claims against Lewis Tree were dismissed by the Decision & Order.

<u>AS TO COUNT ONE</u>

50.   In response to the allegations set forth in Paragraph 50, Lewis Tree repeats and reasserts each and every response to the allegations in the Complaint set forth above as if set forth fully herein.

51.   The allegations set forth on Page 8 at Paragraph 51 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

52.   The allegations set forth on Page 8 at Paragraph 52 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

53.   The allegations set forth on Page 8 at Paragraph 53 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

54.   The allegations set forth on Page 8 at Paragraph 54 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

55.   The allegations set forth on Page 8 at Paragraph 55 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the

FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

56.     The allegations set forth on Page 8 at Paragraph 56 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

57.     The allegations set forth on Page 8 at Paragraph 57 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

58.     The allegations set forth on Page 9 at Paragraph 58 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

59.     The allegations set forth on Page 9 at Paragraph 59 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

60.     The allegations set forth on Page 9 at Paragraph 60 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

61.     The allegations set forth on Page 9 at Paragraph 61 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged interference of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

AS TO COUNT TWO

62.     In response to the allegations set forth on Page 9 at Paragraph 51, Lewis Tree repeats and reasserts each and every response to the allegations in the Complaint set forth above as if set forth fully herein.

63.     The allegations set forth on Page 9 at Paragraph 52 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

64.     The allegations set forth on Page 9 at Paragraph 53 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

65.     The allegations set forth on Page 9 at Paragraph 54 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

66.     The allegations set forth on Page 10 at Paragraph 55 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation of the

FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

67.    The allegations set forth on Page 10 at Paragraph 56 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

68.    The allegations set forth on Page 10 at Paragraph 57 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

69.    The allegations set forth on Page 10 at Paragraph 58 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

70.    The allegations set forth on Page 10 at Paragraph 59 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation of the FMLA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

AS TO COUNT THREE

71.    In response to the allegations set forth on Page 10 at Paragraph 60, Lewis Tree repeats and reasserts each and every response to the allegations in the Complaint set forth above as if set forth fully herein.

72.     DENIES the truth of the allegations set forth on Page 10 at Paragraph 61 of the Complaint except LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the specific date Plaintiff was diagnosed with colon cancer, and respectfully refers all questions of law to the Court.

73.     DENIES the truth of the allegations set forth in Paragraph 62 of the Complaint, except ADMITS that Plaintiff informed Lewis Tree that he was diagnosed with colon cancer in or about early November 2019.

74.     DENIES the truth of the allegations set forth in Paragraph 63 of the Complaint.

75.     DENIES the truth of the allegations set forth in Paragraph 64 of the Complaint.

76.     DENIES the truth of the allegations set forth in Paragraph 65 of the Complaint.

## AS TO COUNT FOUR

77.     In response to the allegations set forth in Paragraph 66, Lewis Tree repeats and reasserts each and every response to the allegations in the Complaint set forth above as if set forth fully herein.

78.     The allegations set forth in Paragraph 67 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation under the ADA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

79.     The allegations set forth in Paragraph 68 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation under the ADA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

80.     The allegations set forth in Paragraph 69 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation under the ADA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

81.     The allegations set forth in Paragraph 70 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation under the ADA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

82.     The allegations set forth in Paragraph 71 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation under the ADA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

83.     The allegations set forth in Paragraph 72 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation under the ADA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

84.     The allegations set forth in Paragraph 73 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged retaliation under the ADA which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

## AS TO COUNT FIVE

85.     In response to the allegations set forth in Paragraph 74, Lewis Tree repeats and reasserts each and every response to the allegations in the Complaint set forth above as if set forth fully herein.

86.     The allegations set forth in Paragraph 75 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

87.     The allegations set forth in Paragraph 76 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

88.     The allegations set forth in Paragraph 77 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

89.     The allegations set forth in Paragraph 78 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

90.     The allegations set forth in Paragraph 79 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which

was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

91.     The allegations set forth in Paragraph 80 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

92.     The allegations set forth in Paragraph 81 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

<u>AS TO COUNT SIX</u>

93.     In response to the allegations set forth in Paragraph 82, Lewis Tree repeats and reasserts each and every response to the allegations in the Complaint set forth above as if set forth fully herein.

94.     The allegations set forth in Paragraph 83 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

95.     The allegations set forth in Paragraph 84 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

14

96.     The allegations set forth in Paragraph 85 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

97.     The allegations set forth in Paragraph 86 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

98.     The allegations set forth in Paragraph 87 of the Complaint do not require an answer by Lewis Tree because they relate to Plaintiff's claim for alleged violation of the NYSHRL which was dismissed by the Decision & Order, and to the extent a response is required Lewis Tree DENIES the allegations.

99.     DENIES each and every allegation in the Complaint not expressly admitted herein.

AS AND FOR A FIRST DEFENSE

100.     Plaintiff failed to state a claim upon which relief can be granted for failure to provide reasonable accommodation under the ADA.

AS AND FOR A SECOND DEFENSE

101.     Plaintiff is not covered by, or entitled to relief under the ADA.

AS AND FOR A THIRD DEFENSE

102.     Plaintiff's claims for liquidated damages are barred, in whole or in part, because Plaintiff's claims are not authorized by law and/or Defendants did not engage in any conduct sufficient to permit an award of such damages.

15

## AS AND FOR A FOURTH DEFENSE

103.   Plaintiff's claims for punitive damages are barred, in whole or in part, because Plaintiff's claims are not authorized by law and/or Defendants did not engage in any conduct sufficient to permit an award of such damages.

## AS AND FOR A FIFTH DEFENSE

104.   Upon information and belief, plaintiff's claims are barred, in whole or in part, by laches, waiver and estoppel.

## AS AND FOR A SIXTH DEFENSE

105.   Upon information and belief, Plaintiff's claims for relief are barred, in whole or in part, by his failure to mitigate his damages.

WHEREFORE, Lewis Tree request a judgment against the Plaintiff dismissing the Complaint in its entirety and awarding Lewis Tree costs, disbursements and such other and further relief as the Court deems to be appropriate.

Lewis Tree reserves the right to amend or further plead any other defenses after a reasonable opportunity for discovery.

Dated:   Garden City, New York
      March 31, 2022

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: _____
    Jessica C. Moller (JM0981)
    1010 Franklin Avenue, Suite 200
    Garden City, New York 11530
    (516) 267-6300; jmoller@bsk.com
    *Attorneys for Defendant Lewis Tree*
    *Service, Inc.*

16