UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDDIE GARCIA,

                        Plaintiff,

v.

LEWIS TREE SERVICE, INC.,

                        Defendant.

DECISION & ORDER
AND
REPORT & RECOMENDATION

21-CV-6393-EAW-MJP

**Pedersen, M.J.** Pending before the Court are Plaintiff's first motion for an extension of time (ECF No. 30), Plaintiff's first motion for leave to file an amended complaint (ECF No. 32), and the parties' joint motion to stay discovery pending the outcome of Plaintiff's motion to amend. (ECF No. 40.) For the reasons stated below, the Court grants the parties' joint motion to stay discovery pending the resolution of Plaintiff's motion to amend and motion for an extension of time and recommends to the District Judge that Plaintiff's motion to extend time and motion to amend be denied.

On May 4, 2022, counsel for Plaintiff Eddie Garcia ("Plaintiff") wrote a letter requesting an extension of time to join parties and amend pleadings. On June 3, 2022, Plaintiff's counsel submitted a memorandum of law in support of his motion to amend the pleadings for good cause shown pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Mem. of Law, ECF No. 32.) Plaintiff claims that despite delay, Plaintiff's amended pleading should be accepted for good cause shown. Defendant Lewis Tree Service, Inc. ("Lewis Tree Service"), filed a response in opposition on June 17, 2022, claiming Plaintiff has not shown good cause, and that the proposed amendments would be futile and cause undue delay. (Resp. in Opp'n, ECF No. 33.)

## CASE HISTORY

On May 20, 2021, Plaintiff filed a complaint against Defendants Lewis Tree Service and Robert Gaston.[1] Plaintiff claims he was wrongfully terminated from his job at Lewis Tree Service upon receiving a cancer diagnosis in November of 2019. Plaintiff states that, in his absence, he provided his employer periodic updates concerning his prognosis and the date he anticipated returning to work. Plaintiff claims that he was terminated without his knowledge. He made claims for violations of the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and the New York State Human Rights Law ("NYSHRL"). Defendants moved to dismiss, and the Hon. Elizabeth A. Wolford, Chief United States District Judge, granted the motion on March 10, 2022, in every respect except as to Plaintiff's failure-to-accommodate claim under the ADA. (Decision and Order, ECF No. 21.) The Decision and Order dismissed all claims against Defendant Robert Gaston for lack of personal jurisdiction. (*Id.*)

On June 3, 2022, Plaintiff filed a memorandum of law in support of his motion to amend the pleadings for good cause shown. (Mem. of Law, ECF No. 32.) Plaintiff recognized that the deadline to amend pleadings set forth in the scheduling order had passed but claimed that the Court should nevertheless allow amendments. (*Id.*) Specifically, the proposed amendment adds Chris Gaston as a Defendant and adds additional facts relating to the FMLA. Further Plaintiff makes the following additional assertions:

[1] Defendant Robert Gaston was terminated on March 10, 2022, from this action. (Decision and Order, ECF No. 21.)

(1) During the relevant period, Plaintiff performed work in New York when he was called upon for storm work. (Pl.'s Am. Compl. ¶ 5, ECF No. 32-2.).

(2) Robert and Chris Gaston each held a supervisory or managerial role over Plaintiff. (*Id.* at ¶¶ 10–11.)

(3) Chris Gaston was employed by Lewis Tree at all relevant times. (*Id.* at ¶ 11).

(4) Lewis Tree terminated Plaintiff's employment in May 2020. (*Id.* at ¶ 16.)

(5) Had Defendants, including Robert and Chris Gaston, notified Plaintiff of his FMLA rights, he would have spoken with his doctor and sought to return to work such that he could avail himself of the return-to-work rights under FMLA. (*Id.* at ¶¶ 27–31.)

(6) Every time Plaintiff submitted documentation and notes concerning his prognosis, he effectively renewed his requests for leave related to his disability. (*Id.* at ¶ 33.)

(7) Plaintiff kept Robert and Chris Gaston apprised of his prognosis, and informed them that his doctor informed Lewis Tree that Plaintiff should be able to return to work by the end of June 2020. (*Id.* at ¶¶ 34, 36.)

(8) Plaintiff only later learned that he had been terminated on May 22, 2020. (*Id.* at ¶ 51.)

(9) Robert Gaston participated in the decision-making process with Lewis Tree to terminate Plaintiff's employment on May 22, 2020. (*Id.* at ¶ 73.)

The applicable Federal Rule of Civil Procedure states "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the

court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff asserts that the standards of Rule 15 must be balanced with Rule 16(b)(4) of the Federal Rules of Civil Procedure that states "[a] schedule may be modified only for good cause and with the judge's consent." Under Rule 15(a)(2), the court has the discretion to grant or deny a motion to amend.

Plaintiff states that he does not speak English and claims he required extra time to understand Judge Wolford's March 10, 2022, Decision and Order. Plaintiff states that the decision contained a complex legal analysis of each of Plaintiffs six claims. Plaintiff's counsel asserts that the Court should find good cause for amendment of the pleadings because the delay was the result of Plaintiff's language difficulties in understanding the implications of Judge Wolford's Decision and Order. (Pl.'s Mem. of Law at 9, ECF No. 32.)

Defendant contends that Plaintiff's motion to amend should be denied in its entirety (Resp. in Opp'n, ECF No. 33). Defendant argues that Plaintiff has the burden to show good cause under Rule 16(b)(4) and that good cause depends on the diligence of the moving party. (*Id.*) Diligence includes a litigant's efforts to meet the Court's deadlines. Defendant asserts that the good cause standard "is not satisfied when the proposed amendments rest on information that the party knew, or should have known, in advance of the deadline." (*Id.* at 9.) Defendant contends that Plaintiff did not exercise diligence to speak with counsel regarding the Decision and Order issued by Judge Wolford. (*Id.* at 1.) Defendant further argues that Plaintiff failed to meet the requirements of Rule 15 and adds that even if Plaintiff could establish good cause

under Rule 16, Plaintiff's motion to amend would not satisfy Rule 15 due to the futility of Plaintiff's claims. (*Id.*)

***Plaintiff's Motion to Extend Should Be Denied for Lack of Good Cause***

The undersigned recommends that the district judge deny the motion to amend Plaintiff's pleadings for lack of good cause to extend the deadline set by the Court's scheduling order. To satisfy Rule 16's good cause requirement, "the [moving party] must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Enzymotec Ltd. V. NBTY, Inc.,*754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010). The good cause standard "is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline."

In this case, the Court set a deadline of May 6, 2022, for amending the pleadings and joining parties. (Scheduling Order ¶ 3, ECF No. 28.) The scheduling order was based on an April 27, 2022, Rule 16 conference at which Plaintiff's counsel appeared. Judge Wolford's decision had been issued on March 10, 2022, more than a month before the Rule 16 conference.

On May 4, 2022, two days before the deadline to amend expired, Plaintiff submitted a letter requesting an extension of time to amend. (Mot., ECF No. 30.) In his letter, Plaintiff's counsel noted that the defense would not consent to an enlargement. Plaintiff's counsel argued: "Plaintiff submits that there have been no previous requests for an enlargement of time for this deadline. The reason for the request is because Plaintiff was unable to reach his client *this past week* in addition

to the current back-to-back calendar and case obligations this week." (Letter at 1, ECF No. 30 (emphasis added).)

Defendant claims that Plaintiff's counsel only spoke to Plaintiff twice between March 10 and May 6, 2022, and, thus, Plaintiff has failed to demonstrate good cause for the delay. While Plaintiff claims the delay was caused by a language barrier between Plaintiff and his counsel, he does not address why it took more than two months to meet and confer with counsel. The delay, based on Plaintiff's cited language barrier, does not demonstrate good cause as there appears to be an overall lack of urgency by Plaintiff to garner assistance from his family, or retain a professional interpreter to assist with this case. In this case, even if Plaintiff could somehow establish good cause under Rule 16(b)(4), Plaintiff must also satisfy Rule 15, which he has failed to do.

***Plaintiff's Amended Pleading Would Be Futile***

Plaintiff's amended pleadings would be futile, as the proposed amended pleading fails to establish personal jurisdiction over Christopher Gaston, as was the case in naming defendant Robert Gaston. Plaintiff's proposed amended complaint does not establish personal jurisdiction over Christopher Gaston just as Judge Wolford found that the original complaint did not establish personal jurisdiction over Robert Gaston. (*Garcia v. Lewis Tree Service, Inc.*, No. 21-CV-6393-EAW, slip. opn. at 6 ("Here, Plaintiff has not satisfied his burden. Defendants have submitted to the Court a sworn affidavit from Gaston in which he states that during his employment with Lewis Tree, neither he nor any of the employees he supervised performed any work in New York, but instead they worked exclusively in Pennsylvania. (Dkt. 12 at

¶ 4). Plaintiff has come forward with no evidentiary proof to controvert Gaston's statement and, importantly, does not claim that he ever lived or worked in New York.") Christopher Gaston has also submitted an affidavit with essentially the same facts as Robert Gaston. (Christopher R. Gaston Aff., ECF No. 35.) He states that he does not reside in New York State and has had no contact with Plaintiff since 2014 (Def.'s Mem. at 17, ECF No. 33). Given that Christopher Gaston is not subject to personal jurisdiction in New York, Plaintiff fails to satisfy Rule 15 as Plaintiff's claims against him would be futile and fail to cure the deficiencies of Plaintiff's original claims.

## CONCLUSION

For the reasons stated above, the Court grants the parties' joint motion to stay discovery (ECF No. 40), and the Court's scheduling order docketed on April 27, 2022 (ECF No. 28) is stayed until ten days following the district judge's decision on Plaintiff's motion to amend.

Further, the undersigned recommends that the district judge deny Plaintiff's Motion to Enlarge the Time (ECF. No. 30) and his Motion to Amend (ECF No. 32).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not,

presented to the magistrate judge in the first instance. *See, e.g., Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

***Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order***. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

IT IS SO ORDERED.

DATED: September 21, 2022
Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge